411 F.2d 674
 The FIRST NATIONAL BANK OF TOMS RIVER, N.J., a national
banking association; New Jersey Business Development
Corporation, a corporation of New Jersey; and Peoples
National Bank in Lakewood, a national banking association
v.
MARINE CITY, INC., a corporation of New Jersey et al.
MAGMAT CONSTRUCTION CO., Inc., a N.J. Corporation, Rel Yacht
Sales, Inc., a corporation of New Jersey
v.
Eugene P. FOLEY, Administrator of Small Business
Administration; Small Business Administration, a Federal
Governmental Agency organized and existing pursuant to the
laws of the U.S., having an office for the transaction of
business at 1115 Chestnut St., Phila., Pa.; et al.
Magmat Construction Co., Inc., Appellant in No. 17,566,
Albert Kushinsky, Appellant in No. 17,567.
 Nos. 17566, 17567.
 United States Court of Appeals Third Circuit.
 Argued March 3, 1969.
Decided May 21, 1969.
 
 Albert Kushinsky, Kushinsky & Gans, Toms River, N.J., for appellants.
 Elliot Scher, Asst. U.S. Atty., Newark, N.J. (David M. Satz, Jr., U.S. Atty., Newark, N.J., on the brief), for appellees.
 Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 FREEDMAN, Circuit Judge.
 
 
 1
 We must thread our way through a labyrinth to reach the issue presented to us by this appeal.
 
 
 2
 On December 27, 1962 Magmat Construction Co., Inc. (Magmat) entered into contracts with Sica Skiffs, Inc. (Sica) under which Magmat agreed to build certain improvements on Sica's premises in New Jersey for a total contract price of approximately $498,000. Sica later deeded a portion of the premises to its wholly owned subsidiary, Marine City, Inc. (Marine). Then, on January 28, 1963, Marine and Sica executed an installment promissory note in the amount of $159,000. secured by Marine's first mortgage on the property in the same amount. The payees and mortgagees were First National Bank of Toms River, N.J., New Jersey Business Development Corporation and Peoples National Bank in Lakewood. On the same day Marine and Sica executed another promissory note in the amount of $641,000. secured by a second mortgage executed by Marine in favor of the Small Business Administration (SBA). It is this promissory note which is the immediate focus of the present controversy. After its execution Marine created a third mortgage on the same premises, which is not involved in the present appeal.
 
 
 3
 In December 1964 the first mortgagees filed a complaint in foreclosure proceedings in the Chancery Division of the Superior Court of Ocean County, New Jersey. Among the parties named as defendants were Magmat, Rel Yacht Sales, Inc. (Rel), Marine's lessee of a portion of the premises, SBA, and the Trustee in Bankruptcy of Sica which had been adjudicated a bankrupt. In an amended complaint the first mortgagees dropped SBA as a defendant and substituted the United States of America.
 
 
 4
 Magmat and Rel, defendants in the foreclosure proceeding, moved for leave to file third-party complaints against SBA and Eugene P. Foley, Administrator of the Small Business Administration (Administrator), for reasons not here relevant. Their motions were granted by the Superior Court. Thereupon, on August 23, 1965, the Administrator removed the entire cause to the District Court for the District of New Jersey without objection by any of the parties.
 
 
 5
 On December 14, 1965 SBA and the Administrator as third-party defendants moved to dismiss the third-party complaints. While this motion was pending a settlement agreement was arrived at among the parties to the third-party action. In this settlement Magmat and Rel, as third-party plaintiffs, agreed to purchase the second mortgage from SBA for $35,000. and their release of any claims they might have against SBA, the Administrator and the United States. Magmat and Rel later made the cash payment to SBA and executed and delivered the release of their claims against SBA, the Administrator and the United States. The release stated that it was being given 'in consideration of an assignment * * * of a * * * mortgage dated January 28, 1963 * * * the receipt whereof is hereby acknowledged. * * *' The assignment stated that SBA did thereby assign to Magmat and Rel and to Albert Kushinsky and Samuel Cole, individually and as their respective attorneys, 'ALL THAT CERTAIN Indenture of Mortgage' given by Marine to SBA dated January 28, 1963, to secure payment of the sum of $641,000. and secured upon the premises.
 
 
 6
 Thereafter on September 26, 1966 the District Court entered an order of dismissal based on a stipulation for entry of final judgment in the third-party action. The stipulation was signed by counsel for the foreclosing first mortgagees and for Magmat and Rel and recited that SBA had assigned the second mortgage to Magmat and Rel and their respective attorneys, Kushinsky and Cole. Several days later, however, the court vacated the order of dismissal as having been inadvertently entered. On October 7, 1966[1] a new stipulation was filed with the District Court which provided for the dismissal with prejudice of the third-party complaints. This stipulation was signed by the attorneys for Magmat and Rel and by the attorneys for SBA, the Administrator and the United States.
 
 
 7
 In the foreclosure action itself a final judgment was entered January 4, 1967, over the objection of the United States Attorney, ordering Marine and the Trustee in Bankruptcy of Sica to pay to Magmat, Rel, Kushinsky and Cole as holders of the second mortgage the amount then due, which the District Court found was $258,871.86. The judgment recited in its preamble that SBA and the Administrator had delivered to Magmat and Rel an assignment of the second mortgage and the promissory note in the amount of $641,000. The objection of the United States Attorney was in the form of a letter to the court pointing out that the parties differed on the terms of the settlement.
 
 
 8
 On the failure of SBA and the Administrator to turn over the promissory note dated January 28, 1963, payable to SBA in the amount of $641,000., Magmat, Rel and their attorneys, Kushinsky and Cole moved in the District Court for an order requiring them to do so. This appeal is from the District Court's denial of the motion.
 
 
 9
 The District Court rested its action on a number of grounds: (1) lack of jurisdiction because the relief sought was in the nature of mandamus and this would require a separate action designating the United States of America as a party; (2) the United States of America was an indispensable party in interest and its non-joinder in the present action was fatal; (3) the District Court had merely referred to the assignment of the mortgage and the note in the preamble to its judgment in the foreclosure action, and the decretal portion of the judgment contained no adjudication that the holders of the second mortgage were entitled to the note.
 
 
 10
 The filing of the stipulation of dismissal on October 7, 1966, which was consented to by all the parties to the third-party action terminated it under Federal Rule of Civil Procedure 41(a)(1), which provides that 'an action may be dismissed by the plaintiff without order of court * * * (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. * * *' The entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. 2B Barron and Holtzoff, Federal Practice and Procedure, 911, p. 109 (Wright Rev. 1961); 5 Moore, Federal Practice, P41.02(2) (1968). See also Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 186 (3 Cir. 1942). The District Court's judgment of January 4, 1967, which was entered after the dismissal of the third-party action, could not affect the rights of the third-party defendants, who no longer were parties to any pending litigation before the court. It is therefore unnecessary to determine at this time what substantive rights the parties may have acquired as a result of their bargaining, or the effect of the recital in the preamble to the judgment.
 
 
 11
 This case differs from our prior decisions in Kelly v. Greer, 334 F.2d 434 (3 Cir. 1964) and 365 F.2d 669 (3 Cir. 1966). There an elaborate family settlement was entered into by the parties and in the presence of the District Judge the settlement agreement which they reached was read into the record. The orders of dismissal were entered by the District Judge and were based upon the stipulation of the parties in reliance on their settlement agreement. We held that in an application under Federal Rule of Civil Procedure 60(b) the court had power to vacate its own orders whenever such action was 'appropriate to accomplish justice', and ordered the vacation of the orders of dismissal so as to restore the case to its status existing immediately after the settlement agreement was read into the record, prior to the orders of dismissal. Here, no order of dismissal was entered by the District Judge and there has been no application under Rule 60(b) to vacate or set aside any order, or even the stipulation entered into reliance on the settlement agreement. Instead an ancillary action has been brought in the form of a motion to compel the former third-party defendants to turn over the promissory note to the moving parties. This is a substantive claim which we believe should be decided in a plenary proceeding.
 
 
 12
 Accordingly, we will affirm the judgment of the District Court denying the motion to turn over the note, but without prejudice to the right of the parties to institute any original proceeding they may deem appropriate.
 
 
 
 [1]
 The stipulation was filed October 7, and docketed October 10, 1966