The issue presented on appeal is whether a trial court can disregard a stipulation signed by all parties and filed with the clerk to dismiss the case without prejudice, and enter an order dismissing the case with prejudice.
This appeal is from a voluntary dismissal made pursuant to Rule 41(a), Ala.R.Civ.P. Donald M. Hammond and Elizabeth Hammond filed suit in the Circuit Court of Madison County in March 1983, against Eulalia Thetford Brooks and Norman Stephens, alleging fraud and misrepresentation in the sale of a residence. A default judgment was entered against Brooks on May 12, 1983, and the trial court assessed damages of $21,939. A motion to set aside the default judgment was filed by Brooks, and the trial court granted it.
The case was not put back on the trial court's docket until 1986. At that time, a pretrial conference was scheduled for September 1986, and Norman Stephens was dismissed as a defendant. On December 1, the trial court called the case for trial. The attorneys for the parties, however, stated that a settlement of the case had been tentatively reached, but that the settlement was subject to ratification by the insurance carrier. The attorneys requested a continuance, which the court denied. The case was called for trial on December 3, 1986, at 9:30 a.m., but the parties were given until 1:30 to prepare for trial.
Prior to the time the case was called for trial, at 1:30, a stipulation of dismissal, without prejudice, was signed by all parties appearing in the action. The stipulation was then filed with the clerk of the Madison County Circuit Court. At 1:30 p.m., the parties presented the court with a copy of the stipulation filed with the clerk. The court then asked the parties whether they were ready for trial; both attorneys answered no, and the following transpired:
 "THE COURT: You wish I dismiss the case, but you request that the dismissal be without prejudice; is that correct?
 "MR. ROBERTS: No, sir, Judge. It is our position that the case has been dismissed pursuant to the provisions of Rule 41A.1.2.i [sic; apparently intending Rule 41(a)(1)(ii)] and that we have filed that stipulation between our parties to this cause with the Clerk and handed a copy to the Court, and that the cause is in effect dismissed as of this time.
 "THE COURT: Well, fine. Then this Court agrees then that the case is dismissed, but will specifically order that in view of the fact that this case is dismissed as of its calling for trial, that the dismissal will be with prejudice
and construed to be an adjudication on the merits of this case and a conforming order will be entered. Costs will be taxed to the respective parties at their request." (Emphasis added.)
The trial court's written order dismissing the case withprejudice was filed on January 14, 1987. The Hammonds appeal from that order.
Rule 41(a), Ala.R.Civ.P., provides:
 "(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of Alabama, or of the United States, or of any state, an action based on or including the same claim." (Emphasis added.)
In Bevill v. Owen, 364 So.2d 1201 (Ala. 1979), this Court stated the following regarding Rule 41:
 "ARCP 41(a)(1) provides two methods by which a case may be voluntarily dismissed without an order of court. The first method is voluntary dismissal by the plaintiff. This requires the filing of a 'notice of dismissal' by the plaintiff, *Page 616 
before service by the adverse party of an Answer or Motion for Summary Judgment, whichever occurs first. Here, Bevill had filed a Motion for Summary Judgment on the count seeking injunctive relief. The second method of dismissal without order of court is by stipulation."
The issue in this case has not been previously examined by this Court. The committee comments to Rule 41 state that this rule is substantially the same as the federal rule, and we normally consider federal cases interpreting the federal rules of procedure as persuasive authority. Bracy v. Sippial ElectricCo., 379 So.2d 582 (Ala. 1980).
Rule 41(a)(1)(ii) was expressly applied in First NationalBank of Toms River, N.J. v. Marine City, Inc., 411 F.2d 674 (3d Cir. 1969). In that case, both a complaint and a third-party complaint were pending, and all of the parties to the third-party action filed a stipulation of dismissal. The Court held:
 "The filing of the stipulation of dismissal on October 7, 1966, which was consented to by all the parties to the third-party action terminated it under Federal Rule of Civil Procedure 41(a)(1), which provides that 'an action may be dismissed by the plaintiff without order of court * * * (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. * * *' The entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. 2B Barron and Holtzoff, Federal Practice and Procedure, § 911, p. 109 (Wright Rev. 1961); 5 Moore, Federal Practice, ¶ 41.02[2] (1968). See also Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 186 (3 Cir. 1942). The District Court's judgment of January 4, 1967, which was entered after the dismissal of the third-party action, could not affect the rights of the third-party defendants, who no longer were parties to any pending litigation before the court."
Other federal courts interpreting Rule 41(a) have stated that voluntary dismissals automatically terminate the action upon the filing of the dismissal with the clerk. No order of the court is required. Scam Instrument Corp. v. Control Data Corp.,458 F.2d 885 (7th Cir. 1972); Miller v. Reddin, 422 F.2d 1264
(9th Cir. 1970).
We are of the opinion that the trial court erred when it dismissed this case with prejudice. All of the requirements of Rule 41(a)(1)(ii) were met by the parties in this case. When the stipulation of dismissal without prejudice was signed by all persons appearing in the action and was filed with the clerk of the Circuit Court of Madison County.
We specifically note that the stipulation of the parties that the dismissal would be without prejudice is consistent with the provisions of Rule 41, which provides that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice." Here, because the parties specifically provided that the dismissal was "without prejudice," the court was without authority to change the stipulation to make the dismissal with prejudice. The court, therefore, erred.
The judgment of the trial court is due to be, and it hereby is, reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON and HOUSTON, JJ., concur.