WOODALL, Justice.
Sealy, L.L.C. (“Sealy”), petitions this Court for writs of mandamus and prohibition, directing the Hale Circuit Court to vacate its order dismissing with prejudice Sealy’s action against Napoleon Banks and restraining that court from considering an award of attorney fees and costs. We grant the petition and issue the writs.
On October 3, 2003, Sealy sued Banks in the Tuscaloosa Circuit Court. Its complaint contained the following pertinent factual averments:
“3. On or about the 16th day of June, 2003, in Tuscaloosa, Alabama, [Sealy] agreed to sell to [Banks] a house located at 1919 6th Avenue East, Tuscaloosa, Alabama, for $20,000.00....
“4. [Banks] delivered to [Sealy] payment by check in the amount of $20,000.00. Upon presentment for payment of said check, the check was dishonored by [Banks’s] bank and returned to [Sealy].
“5. [Banks] has breached his agreement by tendering a worthless instrument in the amount of $20,000.00 to [Sealy].”
Sealy sought damages under theories of breach of contract and fraud.
On October 31, 2003, Banks filed a “Motion to Dismiss and/or Transfer Venue.” More specifically, . Banks asserted that the “complaint fail[ed] to state a claim upon which relief [could] be granted,” and that venue was proper only in Hale County. On November 17, 2003, Sealy filed an amended complaint, as well as a response to Banks’s motion. The amended complaint added three counts specifically averring misrepresentation. On November 25, 2003, Banks moved to strike portions of the amended complaint. On December 9, 2003, the Tuscaloosa Circuit Court transferred the case to Hale County.
On December 16, 2003, Banks moved the Hale Circuit Court to strike portions of the amended complaint. In that motion, Banks also requested in general terms an award of “attorney’s fees and costs; and ... [a]ny ' further relief as [the court deemed] just and proper.” On January 13, 2004, the Hale Circuit Court conducted a hearing, which Sealy did not attend.
On January 22, 2004, Banks filed a “Motion to Retain Jurisdiction,” advising the court that Sealy was still filing motions in the Tuscaloosa Circuit Court. On January 28, 2004, the Hale Circuit Court granted the “motion to retain jurisdiction.” Also in that order, the court indefinitely extended the “period to formally answer the complaint.”
On February 13, 2004, Sealy filed in the Hale Circuit Court a “notice of dismissal,” stating: “The Plaintiff gives Notice of Dismissal of this cause without prejudice pursuant to [Ala. R. Civ. P. 41(a).] The Plaintiff would show that Plaintiff has not been served ivith an Answer from the Defendant, nor has Plaintiff been served with a Motion for Summary Judgment.” (Emphasis added.) On February 20, 2004, the trial court stamped and signed the notice: “Motion granted ... case dismissed.”
On March 16, 2004, Banks filed an answer, and asserted counterclaims alleging fraud and breach of contract. The same day, Banks also served Sealy’s counsel *1232 with interrogatories and requests for production. On March 22, 2004, Sealy sent a letter brief to the court, stating, in pertinent part:
“[Sealy] filed a Notice of Dismissal under Rule 41(a)(1) on February 13, 2004. At the time of the filing of said Notice of Dismissal [Banks] had not filed an Answer to [Sealy’s] Complaint, nor a Motion for Summary Judgment; this is not in dispute. Consequently, the law is clear, that upon the filing of the Notice of Dismissal,.the case was in fact dismissed, and therefore there was no necessity for this matter to be placed on the court’s motion docket. Further, by operation of law upon the occurrence of the dismissal caused by the filing of the Notice of Dismissal, no pleadings filed after said notice can be considered by the court, whether the pleading was an Answer, a Counterclaim, or Motion for Summary Judgment.”
On August 12, 2004, the Hale Circuit Court entered an order purporting to dismiss Sealy’s action with prejudice. The order stated, in pertinent part:
“[T]he court finds, as did the Tuscaloosa County Circuit Court ..., that this court is and was the proper venue for this action as of the date of filing of the complaint; and further that all pending motions and defenses of [Banks] were properly before this court, submitted and considered without opposition, response or appearance by [Sealy] at the motion hearing of January 13, 2004, and that [Banks’s] motions and arguments were well taken and granted as of January 13, 2004- Consequently, the court finds that [Sealy’s] Notice of Dismissal and [Banks’s] counterclaim both were untimely at the time of filing; and it is therefore,
“ORDERED, ADJUDGED and DECREED that judgment is hereby entered in favor of [Banks] and against [Sealy],
“IT IS FURTHER ORDERED, ADJUDGED and DECREED that this matter is set for hearing the 23rd day of September, 2004, ... on [Banks’s] request for attorney’s fees and cost of court.”
(Emphasis added.)
Contending that the August 12, 2004, order is void, Sealy filed this petition on August 25, 2004, seeking (1) a writ of mandamus “compelling the circuit court of Hale County to vacate its August 12, 2004, order,” and (2) a writ of prohibition restraining the court from “taking any further action in the case, specifically to not hold any further hearings or enter any further orders [regarding attorney fees and costs] in this matter.” On October 5, 2004, this Court ordered Banks to answer the petition and to brief the issues.
“Mandamus is an extraordinary remedy and will be granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003)(quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Mandamus will lie to direct a trial court to vacate a void judgment or order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala.2004).
Like mandamus, prohibition is an extraordinary writ, “and will not issue unless there is no other adequate remedy.” Ex parte K.S.G., 645 So.2d 297, 299 (Ala.Civ.App.1992) (citing Ex parte Strickland, 401 So.2d 33 (Ala.1981)). “Prohibition is proper for the prevention of a usurpation *1233 or abuse of power where a court undertakes to act in a manner in which it does not properly have jurisdiction.” Ex parte K.S.G., 645 So.2d at 299. A writ of prohibition will issue “[o]nly if the pleadings show on their face that the lower court does not have jurisdiction.” Ex parte Perry County Bd. of Educ., 278-Ala. 646, 651, 180 So.2d 246, 250 (1965). “In such instances, the act of the usurping court is wholly void, and will not support an appeal.” Id.
Banks contends that this action was, in reality, dismissed with prejudice by an order entered at the motion hearing on January 13, 2001, that is, before Sealy filed its notice of dismissal. Bank’s brief, at 8-9. Thus, he insists, Sealy’s notice of dismissal and the subsequent order purporting to “grant” the dismissal were void.
In support of this argument, Banks produced, in materials accompanying his respondent’s brief, “exhibit 12,” which purports to be a copy of an order entered on January 13, 2004. The handwritten “order” states: “All parties appear to have been notified. There is no notice to continue or any contact from [Sealy’s] counsel. [Banks] and his counsel were present. [Banks’s] motions are granted. The other issue regarding attorney’s fees will be ruled upon once the jurisdictional issue is resolved.” (Emphasis added.) It was' initialed by the trial judge.
Banks contends that one of the “motions” purportedly granted on January 13, 2004, was the “Motion to Dismiss and/or Transfer Venue” he filed in the Tuscaloosa Circuit Court on October 31, 2003. In particular, he argues that the January 13, 2004, order granted that portion of the October 31, 2003, motion seeking dismissal for failure to state a claim.
In its reply brief, Sealy contends that exhibit 12 is a “document that has never before been seen by Sealy,” and that it was not “a part of the court file on August 16, 2004, [when] Sealy reviewed and copied the complete court file located at the Hale County Circuit Clerk’s office.” Sealy’s reply brief, at 1. Additionally, Sealy states:
“[Exhibit 12] ... appears to be a ‘motion docket’ sheet for a motiqn ‘day’ set by the Circuit Court of Hale County for January 13, 2004....
“[It] contains what appears to be some handwritten notes indicating that the Hale County Circuit Court granted some ‘motions’ of Defendant Banks. The ‘note’ is apparently initialed by Judge Marvin Wiggins and dated for January 13, 2004. However, the document at issue bears no indication of [its] being filed’ and no certification stamp indicating that it is indeed a record that is contained in the court file maintained by the Hale County Circuit Court Clerk’s Office. Further, this ‘order’ does not appear anywhere on the case action summary sheet- for the Hale County action.”
Sealy’s reply brief, at 1-2 (emphasis in original; footnote omitted). Sealy argues that exhibit 12 is not an entry of a judgment of dismissal. For the following reasons, we agree.
Ala. R. Civ. P. 58 governs the rendition and entry,- as well as the form and sufficiency, of judgments. Rule 58(a) provides:
“A judge may render an order or judgment: (1) by notation thereof upon bench notes without any other or further written document or (2) by executing a separate written document, or (3) by including the order or judgment in the opinion or memorandum, or (4) by simply appending to the opinion or memorandum or including therein direction as to the order or judgment sought to be entered.”
Rule 58(c) provides, in pertinent part: “Notation of a judgment or order on sepa *1234 rately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order.” (Emphasis added.)
“A judgment is effective at the time of its notation in the civil docket or its notation on separately maintained bench notes or upon the filing of a separate judgment or order.” Rule 58, Committee Comments on 1973 Adoption. Thus, “[a] trial court may ‘render’ a judgment by making a notation on the case action summary, and such a notation constitutes the ‘entry’ of the trial court’s judgment.” Overy v. Murphy, 827 So.2d 804, 805 (Ala.Civ.App.2001). However, a judgment evidenced by a “separate written document” becomes effective only upon the filing of that document in the clerk’s office. Ex parte Wright, 860 So.2d 1253, 1254 (Ala.2002); Allstate Ins. Co. v. Coastal Yacht Servs., Inc., 823 So.2d 632, 633 (Ala.2001); Smith v. Jackson, 770 So.2d 1068, 1071-72 (Ala.2000).
In this case, the January 13, 2004, order was not written on the case action summary sheet.[1] It was merely a notation on a “separate written document,” namely, a computer printout of a daily docket list. There is no evidence indicating that the document was ever filed in the office of the clerk of the Hale Circuit Court. Thus, assuming that it otherwise satisfied all the elements of a valid judgment, see Jerome A. Hoffman & Sandra C. Guin, Alabama Civil Procedure § 8.6 (1990), the judgment the docket list purports to evidence was not effective. We therefore agree with Sealy that its action was not dismissed on January 13, 2004.
Sealy next argues that “[sjince the Hale County action remained pending [on] February 12, 2004, and since [Banks] had not filed an answer or a motion for summary judgment, Sealy [had the right] ... to dismiss its action pursuant to Rule 41(a)(1) by filing a notice of dismissal on February 13, 2004.” Seales reply brief, at 7 (emphasis in original). Sealy insists that “any action by the Hale County Circuit Court after Sealy filed its notice of dismissal on February 13, 2004, is null and void.” Id. at 8. We agree.
Rule 41(a)(1) and (2), Ala. R. Civ. P., provides, in pertinent part:

“(a) Voluntary Dismissal: Effect Thereof.

“(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice ....
“(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiffs motion to dismiss, the action may be dismissed but the counterclaim shall remain pending for adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.”
*1235 (Emphasis added.) “The committee comments to Rule 41 state that this rule is substantially the same as the federal rule, and we normally consider federal cases interpreting the federal rules of procedure as persuasive authority.” Hammond v. Brooks, 516 So.2d 614, 616 (Ala.1987).
It is well settled that “[dismissal on motion under [subdivision (2) of Rule 41(a)] is within the sound discretion of the court.” Bevill v. Owen, 364 So.2d 1201, 1202 (Ala.1979); see also MetFuel, Inc. v. Louisiana Well Serv. Co., 628 So.2d 601 (Ala.1993). By contrast, review of a dismissal pursuant to subdivision (1) is de novo. See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 545 (4th Cir.1993); Matthews v. Gaither, 902 F.2d 877, 879 (11th Cir.1990). This is so, because “Rule 41(a)(1) affords the plaintiff an unqualified right to dismiss” its action before the filing of an answer or a summary-judgment motion. Clement v. Merchants Nat’l Bank of Mobile, 493 So.2d 1350, 1353 (Ala.1986) (emphasis added); see also Marex Titanic, Inc., 2 F.3d at 546. Conversely, Rule 41(a)(1) affords the trial court no discretion. See Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir.1976).
The effect of a notice of dismissal pursuant to Rule 41(a)(1) was succinctly explained in Reid v. Tingle, 716 So.2d 1190, 1193 (Ala.Civ.App.1997). There, the Court of Civil Appeals said:
“A voluntary dismissal under Ala. R. Civ. P. 41 terminates the action when the notice of the plaintiffs intent to dismiss is filed with the clerk. See ... Hammond v. Brooks, 516 So.2d 614 (Ala.1987). The committee comments to Rule 41, Ala. R. Civ. P., note that the rule is ‘substantially the same as the corresponding federal rule.’ See Ala. R. Civ. P. 41, Committee Comments on 1973 Adoption. In interpreting F.R. Civ. P. 41(a)(1), the Fifth Circuit stated:
“ ‘Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is . applicable. So long as plaintiff has not been served with his adversary’s answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life, and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.’ .
“American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963).”
716 So,2d at 1193 (second emphasis added). . .
Although cases involving a Rule 41(a)(1) dismissal “are not perfectly analogous to cases in which the ... court lacks subject matter jurisdiction, both contexts present the question of the court’s continuing power over litigants who do not, or no longer, have a justiciable case before the court.” Chemiakin v. Yefimov, 932 F.2d 124, 128 (2d Cir.1991). Thus, it is sometimes stated that a Rule 41(a)(1) dismissal deprives the trial court of “jurisdiction” over the “dismissed claims.” Duke Energy Trading & Mktg., L.L.C...v. Davis, 267 F.3d 1042, 1049 (9th Cir.2001); see Safeguard Business Sys., Inc. v. Hoeffel, 907 F.2d 861, 864 (8th Cir.1990); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir.2004); Netwig v. Georgia Pacific Corp., 375 F.3d 1009, 1011 (10th Cir.2004); Meinecke v. H & R Block of Houston, 66 F.3d 77, 82 (5th Cir.1995); Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir.1976) (“The court had no power or discretion to deny plaintiffs’ right to dismiss or to attach any condition *1236 or burden to that right. That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void.”).
Similarly stated, “[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.” In re Piper Aircraft Distrib. Sys. Antitrust Litig., 551 F.2d 213, 219 (8th Cir.1977). Moreover, “ ‘[i]t carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiffs claim.’ ” Id. (quoting 27 C.J.S. Dismissal and Nonsuit § 39 (1959)). In particular, “Rule 41(a)(l)(i)[, Fed.R.Civ.P.,] prevents an award of ‘costs’ against the party who dismisses the suit voluntarily. Only the filing of a second suit on the same claim allows the court to award the costs of the first case. See Rule 41(d)[, Fed.R.Civ. P.].... ” Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1077 (7th Cir.1987).
In opposition to these principles, Banks cites Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir.1953), a “vintage [case] supporting] the notion that, when a case has advanced substantially beyond the pleadings, so that the merits of the controversy have been ‘squarely raised,’ a voluntary dismissal may no longer be obtained by the plaintiff.” Woody v. City of Duluth, 176 F.R.D. 310, 314 (D.Minn.1997) (discussing Harvey). However, “Harvey has received a ‘cool reception’ ” in the federal circuits, Johnson Chemical Co. v. Home Care Prods., Inc. 823 F.2d 28, 30 (2d Cir.1987) (quoting Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir.1979)), abrogated on other grounds, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), and, even in its own circuit, has been “limited to its ‘extreme’ facts.” Johnson Chemical, 823 F.2d at 30 (quoting Santiago v. Victim Serv. Agency of the Metropolitan Assistance Corp., 753 F.2d 219, 222 (2d Cir.1985), overruling on other grounds recognized by Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist., 71 F.3d 1053 (2d Cir.1995)). Banks’s reliance on Harvey is misplaced.
In this case, it is undisputed that neither an answer nor a motion for a summary judgment was filed before Sealy filed its notice of dismissal on February 13, 2004. That notice ipso facto deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void. Moreover, the notice “carried down with it [all] previous proceedings and orders in the action, and all pleadings, both of [Sealy] and [Banks], and all issues, with respect to [Sealy’s] claim,” In re Piper Aircraft, 551 F.2d at 219 (emphasis added), including the request for attorney fees and costs set forth in Banks’s December 16, 2003, motion to strike. Thus, the trial court was without jurisdiction to enter its August 12, 2004, order rendering a judgment in favor of Banks and purporting to reserve for further consideration Banks’s request for attorney fees and costs.
We therefore issue a writ of mandamus directing the trial court to vacate all orders entered after February 13, 2004, and a writ of prohibition restraining the trial court from considering the request for attorney fees and costs.
PETITION GRANTED; WRITS ISSUED.
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ„ concur.

. A copy of the case action summary sheet is attached to the petition.