In case no. 1050814, William Geral Greene appeals from the trial court's order denying his motion for permission to intervene in an action in the Cherokee Circuit Court, case no. CV-A3-107 ("the first action"). We dismiss that appeal. In case no. 1051713, Greene appeals from the trial court's judgment dismissing his complaint *Page 774 
in a subsequent action filed in the Cherokee Circuit Court, case no. CV-05-172 ("the second action"). We reverse that judgment and remand the case.
As a preliminary matter, we note that Greene filed a motion to consolidate the appeals in these two cases. This Court entered an order denying the motion. Upon further review, we have reconsidered that order, and we hereby consolidate the appeals ex mero motu for purposes of writing one opinion.
 I. Factual Background and Procedural History
This is the second time this matter has been before this Court. In the first appeal, Town of Cedar Bluff v. CitizensCaring for Children, 904 So.2d 1253 (Ala. 2004), the Court stated the facts as follows:
 "In 2002, the Legislature requested from the Justices of this Court an advisory opinion as to whether Senate Bill 539 ('S.B. 539'), which was then pending before the Legislature, violated certain provisions of the Alabama Constitution. S.B. 539 purported to permit a municipality in Cherokee County with a population of not less than 1,300 inhabitants and not more than 1,500 inhabitants to determine by a local-option election whether alcoholic beverages could be legally sold and distributed within the municipality. At the time S.B. 539 was pending, Cherokee County was a `dry' county. Though not obliged to do so, this Court considered the request and, in an advisory opinion signed by the Chief Justice and all of the Associate Justices, answered that S.B. 539, if enacted, would violate § 105, Ala. Const. 1901. See Opinion of the Justices No. 376, 825 So.2d 109 (Ala. 2002).
 "Advisory opinions issued by this Court are not binding, and on June 16, 2003, the Legislature enacted Senate Bill 350 ('S.B. 350'), which became Act No. 2003-362, Ala. Acts 2003. S.B. 350 was substantially identical to S.B. 539, the only significant difference being that the Legislature added to S.B. 350 a section acknowledging this Court's advisory opinion on S.B. 539 but disagreeing with the conclusion reached in the advisory opinion and concluding that S.B. 350 was a constitutional exercise of the power granted the Legislature by § 104, Ala. Const. 1901, `as a matter of law.' Shortly after Act No. 2003-362 became law, the Town of Cedar Bluff, a municipality in Cherokee County with a population of more than 1,300 and less than 1,500 inhabitants, scheduled a local-option election for August 12, 2003, at which its residents would be allowed to vote on the issue whether to allow alcoholic beverages to be legally sold and distributed within the town.
 "On August 8, 2003, Carl Green, a resident of Cedar Bluff, and Citizens Caring for Children ('the CCC) sued the Town of Cedar Bluff and its mayor, Bob Davis, alleging that Act No. 2003-362 was unconstitutional and that the results of any election held pursuant to the act would be void. Green and the CCC also sought an emergency injunction to prevent the election. They were unable to obtain an injunction, however, and the election was held on August 12, 2003, as scheduled. Eight hundred and eighty-eight citizens of Cedar Bluff voted in the election: 649 citizens voted in favor of allowing alcohol sales and 239 citizens voted against it.
 "On August 15, 2003, with the consent of the parties, the trial court entered an order staying alcohol sales in Cedar Bluff until the trial court ruled on the merits of the action filed by Green and the CCC. On October 20, 2003, after considering the briefs of the parties and hearing oral argument, the trial court *Page 775 
entered a judgment (1) declaring Act No. 2003-362 to be unconstitutional; (2) declaring the August 12, 2003, election void; and (3) enjoining Cedar Bluff from issuing any licenses authorizing the sale of alcohol based on the results of the August 12 election. Cedar Bluff and Mayor Davis appeal."
904 So.2d at 1254-55 (footnotes omitted).
In Cedar Bluff, we reversed the trial court's judgment because the plaintiffs, Citizens Caring for Children, a political committee created pursuant to the Fair Campaign Practices Act, § 17-22A-1 et seq., Ala. Code 1975 ("the CCC"), and Carl Green, the chairperson of the CCC, lacked standing to pursue the action. We remanded the case for further proceedings consistent with the opinion.
On remand, on February 24, 2005, the plaintiffs — CCC and Green — and the defendants — the Town of Cedar Bluff ("the Town") and Bob Davis, its mayor at that time — filed a joint stipulation of dismissal of the first action with prejudice.[1] Despite the stipulation of all parties to the dismissal of the action, the trial court entered the following order on March 3, 2005:
 "This suit [the first action] was brought to determine whether Act No. 2003-362 authorizing a wet-dry referendum in Cedar Bluff, Alabama violates the Alabama Constitution.
 "While this Court has determined that the subject Act of the Alabama Legislature violates the Alabama Constitution, the Alabama Supreme Court has ruled that the Plaintiffs are not proper parties to bring the instant action. Accordingly, the Alabama Supreme Court returned the case to this Court for `further proceedings consistent with [the Supreme Court] opinion.'
 "This Court has now received the parties' stipulation for dismissal of the [first] action with prejudice. It is this Court's opinion that a dismissal with prejudice is premature and that such action is not consistent with the Supreme Court's remand order.
 "Accordingly, this Court hereby declines to dismiss the instant action pending further orders.
 "Unless otherwise ordered by this Court, this case shall remain pending for one year from the date that the Town of Cedar Bluff issues the first license for the sale of alcoholic beverages. Should no action be taken by the Plaintiffs or others intervening in this cause prior to the expiration of that time, this case shall be deemed dismissed with prejudice at that time, unless otherwise ordered by the Court. . . ."
(Emphasis added.)
On October 19, 2005, after the trial court's attempt to resuscitate the then dismissed first action, William Geral Greene,[2] a citizen of the Town, filed a motion to intervene in the first action together with a proposed complaint in intervention. On February 9, 2006, the trial court entered an order denying Greene's motion and dismissing the first action with prejudice.
While his motion to intervene in case no. CV-03-107 was pending, Greene filed the second action in the Cherokee Circuit Court on December 5, 2005; the second action was docketed as case no. CV-05-172. The Town moved to dismiss Greene's complaint in the second action on the basis that § 6-5-440, Ala. Code 1975, bars the prosecution of "two actions in the courts of *Page 776 
this state at the same time for the same cause and against the same party." On February 9, 2006, the trial court entered the following order denying the Town's motion to dismiss:
 "At the time of filing the instant action the Plaintiff had filed a Motion to Intervene in Carl Green and Citizens Caring for Children v. Town of Cedar Bluff, Alabama (CV-2003-107) [the first action]. The Town of Cedar Bluff has, therefore, filed a Motion to Dismiss the instant action under the provisions of § 6-5-440, Code of Alabama
(1975) which provides, in part, that a plaintiff may not prosecute two actions in the courts of this State at the same time for the same cause and against the same party.
 "This Court has, however, denied William Geral Greene's Motion to Intervene in case CV-2003-107. Accordingly, the Defendant's Motion to Dismiss the instant action is hereby DENIED."
On June 30, 2006, Greene filed a motion for a preliminary injunction in the second action prohibiting the Town from issuing any license that would allow a business to engage in the sale or distribution of alcoholic beverages and from disbursing any income already received from such sale or distribution. On August 14, 2006, two business owners who hold licenses to sell and distribute alcoholic beverages filed motions to intervene in the second action. On August 23, 2006, the trial court entered the following order dismissing the second action without prejudice and denying the motions to intervene filed by the business owners. The trial court's order states:
 "The issues raised in case numbered CV-2003-107 [the first action] are identical to the issues raised in the [second action]. Both cases are brought to determine the constitutionality of Act Number 2003-362 authorizing a wet/dry referendum in the Town of Cedar Bluff, Alabama.
 "Case numbered CV-2003-107 was filed on August 8, 2003, by an unrelated party, but the herein Plaintiff filed a Complaint-In-Intervention in CV-2003-107 on October 19, 2005. The Plaintiff filed the instant action on December 5, 2005.
 "Under Title 6-5-440 Code of Alabama (1975) one may not prosecute two actions at the same time for the same cause and against the same party.
 "On February 9, 2006, this Court entered an Order dismissing the Plaintiffs Complaint-In-Intervention in CV-2003-107, and otherwise denied the Plaintiff s Motion to Intervene in that cause. From this Court's Order which denied the Plaintiffs Motion to Intervene in case numbered CV-2003-107, the Plaintiff filed an appeal to the Alabama Supreme Court.
 "While case numbered CV-2003-107 has been pending on appeal, the Plaintiff filed a Motion with the Supreme Court asking that his appeal be stayed. Accordingly, the Supreme Court entered an Order on April 26, 2006, which stayed the proceedings on appeal and placed CV-2003-107 on that Court's Administrative Docket. On June 9, 2006, the Alabama Supreme Court entered an Order vacating the stay of the appeal in case numbered CV-2003-107, and restored the appeal of case numbered CV-2003-107 to the Supreme Court's active docket.
 "Because the Plaintiff continues to prosecute his appeal in case numbered CV-2003-107, the Town of Cedar Bluff asserts that the Plaintiffs prosecution of his constitutional challenge in the instant case violates Title 6-5-440 Code of Alabama (1975) which prohibits the prosecution of two actions at the same time *Page 777 
for the same cause and against the same party. Accordingly, the Town of Cedar Bluff has filed a Motion to Dismiss the instant action.
 "Even though the Plaintiff acknowledges that he cannot pursue two actions against the same party for the same cause, the Plaintiff nevertheless continues to prosecute identical claims in [the first action] and in the [second action]. This Court has attempted to give the Plaintiff reasonable latitude in this matter by allowing the [second action] to remain pending while the Plaintiff pursues his appeal in case CV-2003-107. This Court has reasoned that if the Plaintiff succeeds in his efforts to have the Supreme Court allow his intervention in CV-2003-107, the [second action] will be due to be dismissed. On the other hand, if the Plaintiff is unsuccessful in his effort to have the Supreme Court allow his intervention in case CV-2003-107 this Court would then determine whether the [second action] is barred by Title 6-5-440 or for any other reason.
 "The Plaintiff is, however, apparently unwilling to wait for the Supreme Court's decision concerning his effort to intervene in CV-2003-107. The Plaintiffs impatience is represented by his Motion to Compel The Town Of Cedar Bluff to respond to discovery and by the newly filed Motion For Preliminary Injunction seeking to have this Court prevent the Town of Cedar Bluff from allowing the sale of alcoholic beverages pending the outcome of this litigation.
 "The Motion to Dismiss filed by the Town of Cedar Bluff was orally argued on June 20, 2006. Since then there has been a Motion to Intervene in the instant case filed by Jerry L. Culberson d/b/a Weiss Mart Marine and by Christyne Price d/b/a Chris's Place.
 "In consideration of the findings of this Court, whether set out herein, or not, it is ORDERED that this case shall be, and is hereby DISMISSED WITHOUT PREJUDICE.
 "The Motion to Intervene filed by Jerry L. Culberson d/b/a Weiss Mart Marine and by Christyne Price d/b/a Chris's Place is DENIED."
 II. Case No. 1050814
Greene argues that the trial court exceeded its discretion when it denied his motion to intervene in the first action. The Town argues that the stipulation of dismissal filed by the parties terminated the case as of the filing of the stipulation, and that the trial court therefore did not have jurisdiction to enter any further orders in the case. If the trial court no longer had jurisdiction over the action after the parties stipulated to its dismissal, "[t]his Court is duty bound to notice ex mero motu the absence of subject-matter jurisdiction." Stamps v. Jefferson CountyBd. of Educ., 642 So.2d 941, 945 n. 2 (Ala. 1994).
The Town relies upon Hammond v. Brooks,516 So.2d 614 (Ala. 1987), in which this Court decided the question presented here, i.e., whether a stipulation of dismissal pursuant to Rule 41(a)(1)(ii), Ala. R. Civ. P., terminates an action without an order of the trial court. Rule 41(a)(1) provides:
 "(1) By Plaintiff, By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated *Page 778 
in the notice of dismissal or stipulation, the dismissal is without prejudice. . . ."
(Emphasis added.) In Hammond, the Court stated:
 "The issue in this case has not been previously examined by this Court. The committee comments to Rule 41 state that this rule is substantially the same as the federal rule, and we normally consider federal cases interpreting the federal rules of procedure as persuasive authority. Bracy v. Sippial Electric Co., 379 So.2d 582 (Ala. 1980).
 "Rule 41(a)(1)(ii)[, Fed.R.Civ.P.,] was expressly applied in First National Bank of Toms River, N.J. v. Marine City, Inc., 411 F.2d 674 (3d Cir.1969). In that case, both a complaint and a third-party complaint were pending, and all of the parties to the third-party action filed a stipulation of dismissal. The Court held:
 "`The filing of the stipulation of dismissal on October 7, 1966, which was consented to by all the parties to the third-party action terminated it under Federal Rule of Civil Procedure 41(a)(1), which provides that "an action may be dismissed by the plaintiff without order of court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . ." The entry of such a stipulation of dismissal is effective automatically and, does not require judicial approval. 2B Barron and Holtzoff, Federal Practice and Procedure, § 911, p. 109 (Wright Rev. 1961); 5 Moore, Federal Practice, 141.022 (1968). See also Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 186 (3 Cir. 1942). The District Court's judgment of January 4, 1967, which was entered after the dismissal of the third-party action, could not affect the rights of the third-party defendants, who no longer were parties to any pending litigation before the court.'
 "Other federal courts interpreting Rule 41(a) have stated that voluntary dismissals automatically terminate the action upon the filing of the dismissal with the clerk. No order of the court is required. Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885 (7th Cir.1972); Miller v. Reddin, 422 F.2d 1264 (9th Cir.1970)."
516 So.2d at 616 (emphasis added).
The first action, filed by CCC and Green, was terminated upon the filing of the stipulation for dismissal signed by all the parties and filed with the Cherokee Circuit Court on February 24, 2005. We addressed the effect of a dismissal under Rule 41(a)(1) on the trial court's jurisdiction in Ex parteSealy, L.L.C., 904 So.2d 1230, 1235-36 (Ala. 2004), as follows:
 "Although cases involving a Rule 41(a)(1) dismissal `are not perfectly analogous to cases in which the . . . court lacks subject matter jurisdiction, both contexts present the question of the court's continuing power over litigants who do not, or no longer, have a justiciable case before the court.' Chemiakin v. Yefimov, 932 F.2d 124, 128 (2d Cir.1991). Thus, it is sometimes stated that a Rule 41(a)(1) dismissal deprives the trial court of `jurisdiction' over the `dismissed claims.' Duke Energy Trading Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir.2001); see Safeguard Business Sys., Inc. v. Hoeffel, 907 F.2d 861, 864
(8th Cir.1990); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir.2004); Netwig v. Georgia Pacific Corp., 375 F.3d 1009, 1011
(10th Cir.2004); Meinecke v. H R Block of Houston, 66 F.3d 77, 82 (5th Cir.1995); Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir.1976) ('The court had no power *Page 779 
or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void.').
 "Similarly stated, `[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.' In re Piper Aircraft Distrib. Sys. Antitrust Litig., 551 F.2d 213, 219 (8th Cir.1977). Moreover, `"[i]t carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiffs claim."' Id. (quoting 27 C.J.S. Dismissal and Nonsuit § 39 (1959)). In particular, `Rule 41(a)(1)(i)[, Fed.R.Civ.P.,] prevents an award of "costs" against the party who dismisses the suit voluntarily. Only the filing of a second suit on the same claim allows the court to award the costs of the first case. See Rule 41(d)[, Fed.R.Civ.P.]. . . . `Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1077 (7th Cir.1987)."
Although Ex parte Sealy dealt with a dismissal under Rule 41(a)(1)(i) and here we deal with a dismissal under Rule 41(a)(1)(ii), we see ho basis for a different result. After the filing of the stipulation of dismissal, the trial court lacked authority to entertain the first action; therefore, its subsequent orders in that action are void. "[S]ince a void judgment will not support an appeal, it follows that the appeal is due to be dismissed." Underwood v. State,439 So.2d 125, 128 (Ala. 1983). We therefore dismiss the appeal in case no. 1050814.
 III. Case No. 1051713
We now turn to the judgment dismissing the action that Greene filed against the Town (the second action). Section6-5-440, Ala. Code 1975, states:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
Because the facts applicable to the issue presented are undisputed, our review of the application of the law to the facts of this case is de novo. Reynolds v. ColonialBank, 874 So.2d 497 (Ala. 2003).
A dismissal pursuant to § 6-5-440 would be proper only if Greene were prosecuting two actions "at the same time for the same cause and against the same party." Because the action brought by CCC and Green was terminated long before Greene sought to intervene in that action, the only action in which Greene has ever been a plaintiff is the action he filed against the Town on December 5, 2005; hence, § 6-5-440 is inapplicable in this case. Therefore, the trial court erred in dismissing the second action on that basis, and we reverse the judgment in case no. 1051713.[3]
Greene also argues on appeal that the trial court erred in denying his motion for a preliminary injunction, and he asks this Court to enter the injunction. The trial court has not ruled on Greene's motion for a preliminary injunction; indeed, the trial court has not yet held a hearing on that motion. Appellate review of Greene's motion *Page 780 
is premature, and a request that this Court bypass the trial court and enter an injunction is inappropriate.
Finally, Greene asks this Court to declare Act No. 2003-362
unconstitutional. Such a declaration is beyond the scope of this appeal, which seeks our review only of the trial court's judgment dismissing Greene's action.
 IV. Conclusion
As to case no. 1050814, because the parties' stipulation for dismissal terminated case no. CV-03-107 when the stipulation was filed, the trial court's order denying Greene's motion to intervene is void, and we dismiss the appeal. As to case no. 1051713, because Greene is a plaintiff in only one action against the Town, we reverse the trial court's judgment dismissing case no. CV-05-172, and we remand the case for further proceedings.
1050814 — APPEAL DISMISSED.
1051713 — REVERSED AND REMANDED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
[1] Mayor Davis died on June 8, 2005.
[2] Although Carl Green, an original plaintiff in the first action, and Geral Greene have confusingly similar names, they are, of course, two different people.
[3] The issue whether Greene could have been considered to be prosecuting an action in which he was merely appealing an order denying him the status of an intervenor is not before us.