Gallagher Bassett Services, Inc. ("Gallagher"), appeals from an order denying its, motion for permission to intervene in an action by Nelia D. Phillips against Dr. John Patrick Couch and Physician's Pain Specialist of Alabama, P.C. ("PPSA"), alleging medical malpractice. We dismiss the appeal.
The dispositive facts are undisputed. On April 3, 2002, Phillips fell from a ladder and fractured her left wrist. The accident occurred while Phillips was in South Carolina engaged in her employment with RGIS Inventory Specialists ("RGIS"). She filed a claim with the South Carolina Workers' Compensation Commission against RGIS and its workers' compensation carrier, Gallagher, which began paying workers' compensation and medical benefits.
The medical benefits included payment for treatment by Dr. Couch for "complex regional pain syndrome of the left upper extremity and hand." That treatment included the surgical implantation on June 25, 2003, of a "spinal cord stimulation device" to alleviate pain. On June 23, 2005, however, after suffering a series of complications associated with the implantation, Phillips commenced a medical-malpractice action against Dr. Couch and PPSA.
Phillips did not apprise Gallagher or RGIS of the litigation in the manner prescribed by S.C. Code 1976, § 42-1-560(b). Nevertheless, RGIS learned of the action, and its attorney sent a letter dated April 12, 2006, to Phillips's attorney, stating:
 "I am the attorney representing [RGIS] and its insurance carrier in the above-referenced workers' compensation claim in South Carolina. It has come to my attention that you are Nelia Phillips's attorney in the medical malpractice claim against [PPSA] and John Patrick Couch, M.D., case no. 05-2326. Please allow this letter to serve as written confirmation of my client's lien rights on any settlement proceeds or judgment proceeds that may arise from the medical malpractice case. I would request that you contact me prior to any settlement being finalized so that we may protect our lien. Please feel free to call me if you have any questions.
 "Very truly yours,
 "[Signature]
 "Brian O'Keefe
 "BGO/kna
 "cc: Diane Brohman, Gallagher Bassett Services, Inc. (via e-mail U.S. mail) Wesley Pipes, Esquire, Wesley Pipes, LLC [attorney for Dr. Couch and PPSA]"
(Emphasis added.)[1]
On July 13, 2006, the attorney for RGIS and Gallagher addressed another letter to Phillips's attorney, stating, in pertinent part:
 "I have been asked to represent the interests of Ms. Nelia Phillips's employer and its workers' compensation insurance carrier with regard to their statutory lien against any recovery had by Ms. *Page 699 
Phillips in the above referenced third-party action. As we discussed, Section 25-5-11 of the Alabama Workers' Compensation Act provides the employer and its workers' compensation insurance carrier with a statutory lien against any recovery had by the employee which is to provide both reimbursement for disability and medical benefits paid to or on behalf of the employee by the employer/carrier and as a credit against the employer/carrier's future liability for both disability and medical benefits. The employer/carrier has paid out $47,139.28 to Ms. Phillips for disability benefits and has paid out $292,680.01 for medical treatment provided to Ms. Phillips.
 "On behalf of the employer [RGIS] and its workers' compensation insurance carrier, [Gallagher], I am asking that you and Ms. Phillips agree to protect my client's lien against any recovery had by Ms. Phillips in the above referenced third-party action. As we discussed, if we are unable to obtain such agreement from you and Ms. Phillips with regard to the employer/carrier's lien, I will have no alternative but to proceed with filing a complaint in intervention in order to assert and protect the employer/carrier's lien."
Phillips's attorney responded with a letter dated July 18, 2006, stating, in pertinent part:
 "I briefly reviewed § 25-5-11 in response to your letter. I am certainly no workers' comp. expert but I fail to see how that section provides a subrogation interest in Ms. Phillips's medical negligence case. Please enlighten me with the specific provisions you are referring to and/or case law concerning same.
 "Secondly, are you aware that Ms. Phillips and her employer were both based in Myrtle Beach, South Carolina, at the time of the fall? I don't see how § 25-5-11 applies to this situation."
In September 2007, the parties in Phillips's medical-malpractice action agreed to a settlement and, on October 18, 2007, filed the following joint "stipulation of dismissal with prejudice": "Pursuant to Alabama Rules of Civil Procedure 41(a)(1), all parties who have appeared in this action, Plaintiff, Nelia D. Phillips, and Defendants, [PPSA] and [Dr. Couch], stipulate to the dismissal on the merits, with prejudice, of Defendants, [PPSA] and [Dr. Couch]."
The next day, October 19, 2006, Gallagher filed a "motion for leave to intervene" and a proposed complaint in intervention. The complaint "demand[ed] satisfaction of its statutory workers' compensation subrogation lien." On October 26, 2007, the trial court denied Gallagher's motion, and Gallagher appealed.
On appeal, Gallagher contends that the trial court exceeded its discretion in denying its motion for permission to "intervene to protect its statutory lien following the settlement of the underlying medical-malpractice case." Gallagher's brief, at vii. According to Gallagher, its right to intervene arises under S.C. Code 1976, § 42-1-560(b), which provides, in pertinent part:
 "The injured employee or, in the event of his death, his dependents, shall be entitled to receive the compensation and other benefits provided by this Title and to enforce by appropriate proceedings his or their rights against the third party. . . . In such case the carrier shall have a lien on the proceeds of any recovery from the third party whether by judgment, settlement or otherwise, to the extent of the total amount of compensation, including medical and other expenses, *Page 700 paid, or to be paid by such carrier. . . ."
(Emphasis added.)
Dr. Couch, PPSA, and Phillips, on the other hand, insist that this appeal must be dismissed, because, they say, the stipulation of dismissal terminated the medical-malpractice action, rendering void the order challenged by Gallagher, from which no appeal may lie. For that proposition, they cite Greene v. Town of Cedar Bluff,965 So.2d 773 (Ala. 2007). We agree.
Greene stands for the proposition that there is no right of appeal from the denial of a motion to intervene in a defunct action. The action in Greene was between the Citizens Caring for Children and the Town of Cedar Bluff ("the Town"), including its mayor, and challenged the constitutionality of Act No. 2003-362, Ala. Acts 2003, which authorized the Town "to determine by a local-option election whether alcoholic beverages could be legally sold and distributed within the municipality." 965 So.2d at 774. On February 24, 2005, all parties "filed a joint stipulation of dismissal . . . with prejudice." 965 So.2d at 775. The trial court in Greene, however, "decline[d] todismiss the . . . action pending further orders," and, on October 19, 2005, William Geral Greene "filed a motion to intervene in the . . . action together with a proposed complaint in intervention." 965 So.2d at 775 (emphasis added). The trial court denied the motion, and Greene appealed.
The issue pertinent to this case is the effect of the joint stipulation of dismissal. "The Town argue[d] that the stipulation of dismissal filed by the parties terminated thecase as of the filing of the stipulation, and that the trial court therefore did not have jurisdiction to enter anyfurther orders in the case." 965 So.2d at 777 (emphasis added). `This Court agreed with the Town, holding that the filing of the joint stipulation of dismissal on February 24, 2005, deprived the trial court of jurisdiction and that orders entered after the stipulation was filed were void, including the order purporting to deny the motion to intervene.965 So.2d at 779. Consequently, the Court dismissed Greene's appeal of that order on the ground that "`a void judgment will not support an appeal.'" Id. (quoting Underwood v. State,439 So.2d 125, 128 (Ala. 1983)).
Gallagher does not address Greene; thus, it offers no reason why the result should be different under these facts. Rule 41(a)(1), Ala. R. Civ. P., provides, in pertinent part: "Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by theplaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action." (Emphasis added.) "Rule 41(a)(1) affords the trial court no discretion." Ex parte Sealy, L.L.C.,904 So.2d 1230, 1235 (Ala. 2004). "`The entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.'" Hammond v. Brooks,516 So.2d 614, 616 (Ala. 1987) (quoting First Nat'l Bank of TomsRiver, N.J. v. Marine City, Inc., 411 F.2d 674 (3d Cir. 1969)) (emphasis added). "`[T]he effect of a voluntary dismissal . . . is to render the proceedings a nullityand leave the parties as if the action had never beenbrought'" Ex parte Sealy, 904 So.2d at 1236
(quoting In re Piper Aircraft Distrib. Sys. AntitrustLitig., 551 F.2d 213, 219 (8th Cir. 1977)) (emphasis added).
After the stipulation of dismissal was filed in this case, there ceased to be a justiciable controversy over which the court had "continuing power." 904 So.2d at 1235. Thus, on October 19, 2006, when Gallagher filed its motion to intervene, there was no case in which Gallagher could *Page 701 
intervene. The trial court thus lacked authority over Gallagher's motion, either to grant or deny it. It follows that its order denying Gallagher's motion is void. Because a void order or judgment will not support an appeal, Greene,965 So.2d at 779, this appeal must be dismissed.
APPEAL DISMISSED.
COBB, C.J., and SEE, SMITH, and PARKER, JJ., concur.
[1] The parties dispute whether Dr. Couch and PPSA ever received notice that Gallagher was asserting a lien on the proceeds of any settlement or judgment. However, the disposition of this appeal does not turn on the resolution of that dispute.