PER CURIAM.
Off Campus College Bookstore, Inc. (“Off Campus”), appeals from a judgment of the Madison Circuit Court denying its information request to the University of Alabama in Huntsville (“UAH”) made pursuant to the Alabama Open Records Act, § 36-12-40, AIa.Code 1975. We dismiss the appeal based on the lack of subject-matter jurisdiction.

I. Facts and Procedural Histonj

The nature of our decision requires only a cursory rendition of the facts. Off Campus is a bookstore in the business of selling books, school supplies, and other products, primarily to postsecondary students at UAH, as well as to students at junior colleges and other postsecondary institutions in the Tennessee Valley. In July 2006 and again in May 2007, Off Campus requested from UAH the names and addresses of individuals (and their parents) who had been accepted to UAH and who planned to attend, or had attended, orientation classes preceding their first year at UAH.[1] Off Campus believed it was entitled to the information under the Open Records Act. Off Campus stated that it intended to use this information to advertise Off Campus’s services of providing required and recommended course materials to incoming freshmen at a reduced rate.[2] UAH declined to provide the information on the ground that it believed the information was protected by the federal Family Edu *425 cation Rights and Privacy Act (“FERPA”), 20 U.S.C. § 1232g.
On July 9, 2007, Off Campus filed a declaratory-judgment action against UAH, asking the Madison Circuit Court to declare whether Off Campus had a right to obtain, and UAH had a responsibility to provide, the requested information pursuant to the Alabama Open Records Act. On August 9, 2007, UAH answered the complaint, contending that its absolute immunity, as conferred by Art. I, § 14, Ala. Const.1901, deprived the circuit court of subject-matter jurisdiction to hear the claims. It also contended that FERPA protected the requested information from disclosure and that the requested information was not within the ambit of the Open Records Act.
On March 20, 2008, Off Campus filed a motion for a summary judgment, along with a joint stipulation of facts from both parties in which they averred that “there are no issues of material fact and this matter is ripe for final judgment as a matter of law.” UAH filed a motion for a summary judgment on April 30, 2008. On May 16, 2008, Off Campus filed an amended complaint containing the same allegations as its original complaint but adding David Williams, in his official capacity as the president of UAH, as a defendant. Williams answered the complaint on June 2, 2008, reiterating the defenses stated by UAH and averring that he joined in UAH’s motion for a summary judgment.
On June 6, 2008, the trial court held a hearing on the opposing motions for a summary judgment. At the outset of the hearing, the trial court and the parties discussed the jurisdictional issue created by the fact that Off Campus originally filed its complaint solely against UAH, a state entity. Both the trial court and the parties assumed that because there was no statute-of-limitations bar to the addition of Williams as a defendant, the trial court acquired jurisdiction of the action on May 16, 2008, when the amended complaint was filed. The parties proceeded to argue the merits of the complaint.
On June 8, 2008, the trial court entered a final order denying the summary-judgment motion filed by Off Campus and granting the summary-judgment motion filed by UAH and Williams on the basis that the information sought by Off Campus was protected under FERPA and was not subject to disclosure under the Open Records Act. Off Campus appeals from this judgment.
II. Discussion — Sovereign Immunity
Section 14, Ala. Const.1901, provides: “[T]he State of Alabama shall never be made a defendant in any court of law or equity.” “The wall of immunity erected by § 14 is nearly impregnable. This immunity may not be waived.” Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002) (citations omitted).
“This Court has long held that ‘ “ ‘the circuit court is without jurisdiction to entertain a suit against the State because of Sec. 14 of the Constitution.’ ” ’ Larkins v. Department of Mental Health & Mental Retardation, 806 So.2d 358, 364 (Ala.2001) (quoting Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435 (Ala.2001), quoting in turn Aland v. Graham, 287 Ala. 226, 229, 250 So.2d 677, 678 (1971)). ‘[A]n action contrary to the State’s immunity is an action over which the courts of this State lack subject-matter jurisdiction.’ Larkins, 806 So.2d at 363.”
Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007).
This Court has also noted on several occasions that there are exceptions to the State’s sovereign immunity. One such *426 exception is when a party “ ‘seeks a declaration under the Declaratory Judgments Act, § 6-6-220 et seq., Ala.Code 1975, construing a statute and applying it in a given situation.’ ” 978 So.2d at 21 (quoting Latham v. Department of Corr., 927 So.2d 815, 821 (Ala.2005)). In Alabama Department of Transportation v. Harbert International, Inc., 990 So.2d 831, 841 (Ala.2008), this Court clarified, however, that “[t]he purpose of the so-called ‘exception’ to § 14 allowing declaratory-judgment actions is to give direction to State officers. Consistent with the other ‘exceptions’ to § 14 immunity, we hold that only State officers named in their official capacity— and not State agencies — may be defendants in such proceedings.”
It is undisputed that UAH is a State entity. Off Campus’s original complaint named UAH as the sole defendant. Under Harbert and pursuant to § 14, UAH was not a proper defendant for Off Campus’s declaratory-judgment action because it is absolutely immune from suit. Accordingly, the trial court lacked jurisdiction to entertain the complaint against UAH.
As noted above, Off Campus later purported to amend its complaint, without objection from UAH, adding UAH president David Williams as a defendant. Under our recent precedents, however, this amendment of the original complaint did not cure the jurisdictional defect that existed at the time the original complaint was filed. See Alabama Dep’t of Corr. v. Montgomery County Comm’n, 11 So.3d 189, 193 (Ala.2008) (holding that “[bjecause the original complaint named only a party that has absolute State immunity, it failed to trigger the subject-matter jurisdiction of the circuit court. Consequently, it was a nullity. The purported amendment of a nullity is also a nullity.”).
Consistent with Alabama Department of Corrections, we hold that Off Campus’s purported amendment to its complaint was a nullity, as was the trial court’s order purporting to grant UAH and Williams’s motion for a summary judgment and to deny Off Campus’s. Thus, Off Campus’s appeal of the trial court’s order is void and is due to be dismissed. See Gallagher Bassett Servs., Inc. v. Phillips, 991 So.2d 697, 701 (Ala.2008) (stating that “a void judgment will not support an appeal”).

III. Conclusion

Based on the foregoing, this appeal is dismissed as being from a void judgment.
APPEAL DISMISSED.
LYONS, WOODALL, BOLIN, PARKER, and SHAW, JJ., concur.
COBB, C.J., and MURDOCK, J., dissent.

. UAH routinely collects the information requested by Off Campus as part of its student-application process.

. UAH has its own bookstore that sells course materials to its students.