BRYAN, Judge.
Cheryl Hancock, the plaintiff below, appeals from a judgment dismissing her consolidated actions against the defendants below, Nancy T. Buckner, in her official capacity as the commissioner of the Alabama Department of Human Resources (“the commissioner”); Brandon Hardin, in his official capacity as the director of the Coffee County Department of Human Resources and in his individual capacity (“the director”); and Sharon Ficquette, in her official capacity as general counsel of the Alabama Department of Human Resources and in her individual capacity (“the general counsel”). We affirm in part, reverse in part, and remand.
On April 29, 2008, Hancock, a merit-system employee of the Alabama Department of Human Resources (“the Alabama DHR”) who was assigned to the Coffee County Department of Human Resources (“the Coffee County DHR”), filed the first of two actions in the Montgomery Circuit Court. In her first action, which was docketed as case number CV-08-66B and assigned to Circuit Judge Truman Hobbs, Jr., she sued the commissioner and the director.[1] Her complaint in that action alleged that she had been notified by the director that she had been charged with dereliction of duty and that an administrative disciplinary hearing would be held regarding that charge. Her complaint further alleged that agents of the commissioner and the director had refused to allow her to inspect documents material to the charge made against her. Finally, her complaint alleged that agents of the commissioner and the director had subpoenaed Hancock’s cellular-telephone records from Alltel Corporation (“Alltel”) and her employment records from her secondary employer, Insight Treatment Program, Inc. (“Insight”), without lawful authority. As relief, Hancock’s complaint sought (1) an injunction compelling the commissioner and the director to allow Hancock to inspect documents material to the charge against her, (2) an injunction enjoining the commissioner and the director from proceeding with the disciplinary hearing pending the adjudication of Hancock’s action, (3) an injunction enjoining the commissioner and the director from using Hancock’s Alltel and Insight records in the administrative disciplinary proceeding against Hancock, and (4) a judgment declaring that the commissioner *1086 and the director lacked statutory authority to subpoena Hancock’s Alltel and Insight records.
On August 25, 2008, Hancock filed a second action in the Montgomery Circuit Court, which was docketed as case number CV-08-1302 and assigned to Circuit Judge Johnny Hardwick. In her second action, Hancock sued the commissioner, the director, and the general counsel.[2] In addition to the facts alleged in the complaint in her first action, Hancock’s complaint in the second action alleged that the commissioner, the director, and the general counsel were using the administrative disciplinary proceeding against Hancock as leverage to compel the chairman of the Coffee County DHR Board to resign and that that conduct constituted extortion and an attempt to discipline Hancock for a nonmerit-based reason. In addition to the relief sought in the complaint in her first action, Hancock’s complaint in the second action sought a judgment declaring that the administrative disciplinary proceeding against Hancock constituted extortion and an attempt to discipline Hancock for a nonmerit-based reason.
Contemporaneously with the filing of her complaint in case number CV-08-1302, Hancock filed a motion for a temporary restraining order and a preliminary injunction enjoining the commissioner, the director, and the general counsel from holding an administrative disciplinary hearing regarding Hancock and from using Hancock’s Alltel and Insight records in the administrative disciplinary hearing pending the adjudication of the merits of her action. Judge Hardwick held a hearing regarding that motion on September 19, 2008. On October 1, 2008, Judge Hard-wick entered an order denying Hancock’s motion and placing case number CV-08-1302 on the administrative docket.
On October 17, 2008, Hancock petitioned this court for a writ of mandamus directing Judge Hardwick to vacate his October 1, 2008, order, to restore her action to the active docket, and to adjudicate the merits of her claims immediately. After calling for an answer, this court denied Hancock’s petition without opinion on November 18, 2008.
Thereafter, the commissioner, the director, and the general counsel moved to dismiss both of Hancock’s actions on the ground that they failed to state a claim upon which relief could be granted. After entering an order consolidating case number CV-08-663 and case number CV-08-1302, Judge Hobbs held a hearing regarding the motions to dismiss on June 16, 2009. On June 17, 2009, Hancock filed a pleading titled “Supplemental Submission to Court Clarifying Plaintiffs Legal Position.” That pleading stated, in pertinent part:
“1. Consistent with the complaint pending before this Court, Hancock is seeking declaratory relief from this Court in accordance with the statutory provisions found within the Declaratory Judgment Act codified in Ala.Code § 6-6-220 et seq. (1975), as codified within Ala.Code § 41-22-10 (1975), as contemplated by Rule [5]7, Ala. R. Civ. P. and/or any other statutory provision or rule by which Hancock may obtain a judicial determination concerning the legality of the [commissioner, the director, and the general counsel’s] action of obtaining her private cellular telephone records from ALLTEL Corporation and her employment records from Insight Treatment Program, Inc. by means of an administrative subpoena.”
*1087 Also on June 17, 2009, Judge Hobbs entered a judgment dismissing Hancock’s actions. The judgment stated:
“The Court held a hearing on this matter on June 1[6], 2009. At the hearing the parties presented their arguments to the Court. After considering the parties’ arguments and their briefs the Court finds itself with several concerns. First, this Court has reservations as to whether it has jurisdiction over this matter. The second concern is that the agency is not named as a party as required by the statute [Hancock] is traveling under.[3] Thirdly, the Court finds it difficult to discern whether [Hancock] is challenging a rule of the agency or is instead seeking an eviden-tiary ruling from the Court. Lastly, Judge Hardwick has ruled in a similar, if not the same case.
“Even if the Court sets aside its jurisdictional concerns, the Court has been unable to find any law, and [Hancock] has provided no law, that would bar the use of the disputed evidence in question in a civil proceeding. Without a clear-cut legal mandate, the Court declines to tell an Administrative Law Judge how to conduct his or her hearing.
“Wherefore, despite the Court’s reservations about the propriety of the subpoenas, this matter is hereby dismissed.”
On July 29, 2009, Hancock appealed to this court.
“The appropriate standard of review of a trial court’s [ruling on] a motion to dismiss is whether ‘when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.’ Nance v. Matthews, 622 So.2d 297, 299 (Ala.1998); Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. Nance, 622 So.2d at 299. A ‘dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ Nance, 622 So.2d at 299; Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
Lyons v. River Road Constr., Inc., 858 So.2d 257, 260 (Ala.2003).
Hancock first argues that the trial court erred in dismissing her claim seeking a judgment declaring that the commissioner and the director lacked statutory authority to subpoena Hancock’s Alltel and Insight records (“the statutory-authority claim”). Although the trial court did not specify which ground or grounds mentioned in its judgment was the basis for its dismissal of Hancock’s consolidated actions, Hancock argues that the trial court erred if it based *1088 its dismissal of her statutory-authority claim on the ground that the trial court lacked subject-matter jurisdiction over that claim because, she says, the trial court did have jurisdiction over that claim because, she says, that claim was not barred by the exhaustion-of-administrative-remedies doctrine. See Department of Envtl. Mgmt. v. Coosa River Basin Initiative, Inc., 826 So.2d 111, 117-18 (Ala.2002) (holding that circuit court had subject-matter jurisdiction over a declaratory-judgment action against the Alabama Department of Environmental Management that was not barred by the exhaustion-of-administrative-remedies doctrine).
In City of Graysville v. Glenn, 46 So.3d 925 (Ala.2009), the supreme court stated:
“‘To be sure, Alabama recognizes the doctrine of exhaustion of administrative remedies. City of Huntsville v. Smartt, 409 So.2d 1353, 1357 (Ala.1982). “This doctrine ‘requires that where a controversy is to be initially determined by an administrative body, the courts will decline relief until those remedies have been explored and, in most instances, exhausted.’” Id. (quoting Fraternal Order of Police, Strawberry Lodge No. 10 v. Entrekin, 294 Ala. 201, 209, 314 So.2d 663, 670 (1975)).’
“Patterson v. Gladwin Corp., 835 So.2d 137, 141-42 (Ala.2002). There are recognized exceptions to that doctrine, including
“ ‘when (1) the question raised is one of interpretation of a statute, (2) the action raises only questions of law and not matters requiring administrative discretion or an administrative finding of fact, (3) the exhaustion of administrative remedies would be futile and/or the available remedy is inadequate, or (4) where there is the threat of irreparable injury.’
“Ex parte Lake Forest Prop. Owners’ Ass’n, 603 So.2d 1045, 1046-47 (Ala.1992). This Court has also recognized an exception to the rule ‘where there is a defect in the power of the agency to act in any respect.’ Jefferson County v. Johnson, 333 So.2d 143, 149 (Ala.1976).”
46 So.3d at 929.
In the case now before us, Hancock’s statutory-authority claim sought a declaration regarding the interpretation of a statute and it raised “ ‘only questions of law and not matters requiring administrative discretion or an administrative finding of fact.’ ” City of Graysville v. Glenn, 46 So.3d at 929 (quoting Ex parte Lake Forest Prop. Owners’ Ass’n, 603 So.2d 1045, 1046-47 (Ala.1992)). Therefore, we conclude that Hancock’s statutory-authority claim was not barred by the exhaustion-of-administrative-remedies doctrine. See City of Graysville v. Glenn. Consequently, the trial court had subject-matter jurisdiction over that claim. See Department of Envtl. Mgmt. v. Coosa River Basin Initiative, Inc.
Hancock also argues that the trial court erred if it dismissed her statutory-authority claim on the ground that she had not made the Alabama DHR a party to her action. Hancock cited both § 41-22-10, Ala.Code 1975, and the Declaratory Judgment Act, § 6-6-220 et seq., Ala.Code 1975, as statutory bases for her statutory-authority claim. Although the literal language of § 41-22-10 requires that the agency be made a party to an action brought pursuant to that statute, the supreme court has held that § 41-22-10 is to be liberally construed. See Department of Envtl. Mqmt. v. Coosa River Basin Initiative, Inc., 826 So.2d at 117. Moreover, the Declaratory Judgment Act does not require that the agency be made a party to an action brought pursuant to it, and the Declaratory Judgment Act is a valid statu *1089 tory basis for an action seeking declaratory relief with respect to an administrative agency. See Department of Envtl. Mgmt. v. Coosa River Basin Initiative, Inc., 826 So.2d at 117-18. Accordingly, we conclude that Hancock’s failure to make the Alabama DHR a party was not a valid ground for dismissing her statutory-authority claim.
Hancock also argues that the trial court erred if it dismissed her statutory-authority claim on the ground that it could not determine what relief that claim was seeking because, she says, that claim clearly stated that it sought a judgment declaring that the commissioner and the director lacked statutory authority to subpoena her Alltel and Insight records. Hancock’s statutory-authority claim asked the trial court to “[e]nter a declaratory judgment declaring that the [commissioner and the director] unlawfully obtained [Hancock’s] personal cellular telephone records from ALLTEL Corporation” and to “[e]nter a declaratory judgment declaring that the [commissioner and the director] unlawfully obtained privileged, non-public information of or concerning [Hancock] from Insight Treatment Program, Inc.” We conclude that Hancock’s complaint adequately indicated that the relief she was seeking included a judgment declaring that the commissioner and the director lacked statutory authority to subpoena her Alltel and Insight records.
Hancock also argues that the trial court erred if it dismissed her statutory-authority claim on the ground that Judge Hard-wick had already ruled on it because, she says, the record establishes that Judge Hardwick had not ruled on it. Judge Hardwick’s October 1, 2008, order entered in case number CV-08-1302 denied Hancock’s motion for a temporary restraining order and a preliminary injunction enjoining the commissioner, the director, and the general counsel from holding an administrative disciplinary hearing regarding Hancock and from using Hancock’s Alltel and Insight records at her administrative disciplinary hearing pending the adjudication of the merits of her action; it did not rule on her claim seeking a judgment declaring that the commissioner and the director lacked statutory authority to subpoena Hancock’s Alltel and Insight records. Accordingly, we conclude that Judge Hardwick’s October 1, 2008, order did not constitute a valid ground for dismissing Hancock’s statutory-authority claim.
Accordingly, the record does not establish that there is no set of facts Hancock could prove that would entitle her to relief on her statutory-authority claim. Therefore, we reverse the judgment of the trial court insofar as it dismissed that claim. See Lyons v. River Road Constr., Inc., 858 So.2d at 260. Although Hancock also presents argument regarding the merits of her statutory-authority claim, in reviewing the dismissal of an action for failure to state a claim, “[t]his Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail.” Lyons v. River Road Constr., Inc., 858 So.2d at 260. Therefore, we express no opinion regarding the merits of Hancock’s statutory-authority claim.
Hancock next argues that the trial court erred insofar as it dismissed her claim seeking a judgment declaring that her Alltel and Insight records were not admissible in her administrative disciplinary hearing (“Hancock’s evidence-admissibility claim”). A hearing officer in an administrative hearing has discretion regarding the admission of evidence and is not bound by the strict rules of evidence. See § 41-22-13, Ala.Code 1975, and Horn v. State Bd. of Exam’rs in Counseling, 689 *1090 So.2d 93, 94 (Ala.Civ.App.1996). Thus, Hancock’s evidence-admissibility claim did not fall within the exception to the exhaustion-of-administrative-remedies doctrine for claims that “ ‘raise[ ] only questions of law and not matters requiring administrative discretion or an administrative finding of fact’ ” or any of the other recognized exceptions. City of Graysville v. Glenn, 46 So.3d at 929 (quoting Ex parte Lake Forest Prop. Owners’ Ass’n, 603 So.2d at 1046-47). Therefore, we affirm the judgment of the trial court insofar as it dismissed Hancock’s evidence-admissibility claim because that claim was barred by the exhaustion-of-administrative-remedies doctrine.
Hancock also argues that the trial court erred insofar as it dismissed her claim seeking a judgment declaring that the disciplinary proceeding against Hancock constituted extortion and an attempt to discipline Hancock for a nonmerit-based reason. However, that claim did not fall within any of the recognized exceptions to the exhaustion-of-administrative-remedies doctrine. See City of Graysville v. Glenn. Therefore, we affirm the dismissal of that claim because it was barred by the exhaustion-of-administrative-remedies doctrine. Id.
Hancock has not argued that the trial court erred in dismissing any of her other claims; accordingly, we affirm the dismissal of those claims. See Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003) (‘“When an appellant fails to properly argue an issue, that issue is waived and will not be considered. Boshell v. Keith, 418 So.2d 89 (Ala.1982).’ Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996).”).
In summary, we reverse the judgment of the trial court insofar as it dismissed Hancock’s statutory-authority claim; we affirm the judgment of the trial court in all other respects; and we remand the action for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
PITTMAN, J., concurs in the result, without writing.

. Page Walley was the commissioner of the Alabama DHR when Hancock filed both of her actions; however, he subsequently resigned, and Nancy T. Buckner became commissioner. Pursuant to Rule 25(d), Ala. R. Civ. P., Buckner was automatically substituted for Walley.

. See supra note 1.

. The trial court was apparently referring to § 41-22-10, Ala.Code 1975, which provides:
“The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery County, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. In passing on such rules the court shall declare the rule invalid only if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with rule-making procedures provided for in this chapter.”
(Emphasis added.)