PER CURIAM.
Victor Joseph Russo, an inmate in the custody of the Alabama Department of Corrections (“ADOC”) who is currently confined at the St. Clair Correctional Facility, appeals the Montgomery Circuit Court’s dismissal of his action against ADOC challenging the implementation of a policy charging a $1.00 processing fee for money orders and cashier’s checks deposited in an inmate’s “prisoner money on deposit” (“PMOD”) account. We dismiss his appeal.
Russo alleges in his complaint that ADOC does not have “legislative or other valid authority for taking a dollar off his incoming money as a processing fee.” In response to a motion to dismiss or for a summary judgment filed by ADOC, Russo contended in the circuit court that the legislature had not “delegate[d] any power to the ADOC to take money from inmates.” Along with his response to ADOC’s motion, Russo filed an “affidavit” in which he made an additional argument in opposition to the processing fee. Russo quoted from § 14-3-30(b), Ala.Code 1975, which states in part that ADOC has the “responsibility for the maintenance and upkeep, including the payment of medical costs, of an inmate sentenced to the custody of the department.” Russo argued that this provision means that ADOC must bear all the costs associated with caring for an inmate in its charge and that the $1.00 processing fee is, therefore, unlawful.
As a preliminary matter, we note that “[w]e treat a pleading and any other *1081 filing according to its substance, rather than its form or its style.” Ex parte Bender Shipbuilding & Repair Co., 879 So.2d 577, 584 (Ala.2008). Although Russo, acting pro se, styled his complaint in the circuit court as a “petition for a writ of certiorari,” it is in essence a direct, original action against an agency of the State seeking declaratory and injunctive relief.
That said, however, Russo names only ADOC as a defendant in his action. “Section 14, Ala. Const.1901, provides ‘[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.’ This section affords the State and its agencies an ‘absolute’ immunity from suit in any court.” Haley v. Barbour Cnty., 885 So.2d 783, 788 (Ala.2004). “[A]DOC ... as a department of the State, is entitled to sovereign immunity.” Id.
There are, of course, certain general categories of actions that do not come within the prohibition of § 14. “One such exception is when a party ‘ “seeks a declaration under the Declaratory Judgments Act, § 6-6-220 et seq., Ala.Code 1975, construing a statute and applying it in a given situation.” ’ ” Off Campus Coll. Bookstore, Inc. v. University of Alabama in Huntsville, 25 So.3d 423, 425-26 (Ala.2009) (quoting Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007), quoting in turn Latham v. Department of Corr., 927 So.2d 815, 821 (Ala.2005)). In Alabama Department of Transportation v. Harbert International, Inc., 990 So.2d 831 (Ala.2008), this Court clarified, however, that “[t]he purpose of the so-called ‘exception’ to § 14 allowing declaratory-judgment actions is to give direction to State officers,” and so we held in Harbert International that, “[c]on-sistent with the other ‘exceptions’ to § 14 immunity, ... only State officers named in their official capacity — and not State agencies — may be defendants in such proceedings.” 990 So.2d at 841. Again, Russo did not name any officers or employees of ADOC as defendants in his action.[1]
“Because the complaint purported to effect an action against the State in violation of § 14, Ala. Const.1901, the trial court acquired no subject-matter jurisdiction over this action.” Ex parte Alabama Dep’t of Transp., 978 So.2d at 27. Accordingly, the trial court’s judgment is void, and a “void judgment will not support an appeal.” Underwood v. State, 439 So.2d 125, 128 (Ala.1983) (cited with approval in Gallagher Bassett Servs., Inc. v. Phillips, 991 So.2d 697, 701 (Ala.2008)). Russo’s appeal therefore is due to be dismissed.
 Also pending before this Court in relation to the foregoing matter is a document filed by Russo in this appeal and styled as a “Petition or Motion for a Rule Nisi to Appear and Show Cause and Order for Contempt and Request to Stay Proceeding.” Russo’s filing is, in effect, a petition for a writ of mandamus asking this Court to direct the warden and an officer of the St. Clair Correctional Facility to return what Russo alleges are missing legal materials he had compiled in the course of filing the underlying action and this appeal and to hold them in contempt for not producing the materials. This Court lacks jurisdiction to grant the relief Russo requests because Russo has not filed a motion or any action in the circuit court seeking a return of his legal materials. This Court does not have original jurisdiction to issue writs against State officers and employees other than to the lower courts. See Art. VI, § 140, Ala. *1082 Const.1901. Moreover, Russo has not filed an action in the circuit court against the warden or the officer, and so this Court has no jurisdiction over those individuals. Even if this Court did have such jurisdiction, those individuals could not be held in contempt without an order first being issued requiring them to return to Russo the allegedly missing materials. See, e.g., Ivey v. State, 698 So.2d 179,184 (Ala.Crim.App.1995) (stating that “[wjillful disobedience of the court’s order is the only element necessary to prove contempt of court”). The record does not indicate that any such order has been issued. Finally, Russo’s request for a stay of the proceedings is moot because the underlying action is due to be dismissed. Therefore, we dismiss what is, substantively, Russo’s petition for a writ of mandamus filed in conjunction with his appeal.
APPEAL DISMISSED; PETITION DISMISSED.
MOORE, C.J., and BOLIN, MURDOCK, MAIN, and BRYAN, JJ., concur.

. In addition, insofar as Russo's action amounts to a request for a declaratory judgment, it does not seek the construction of a statute, as required by the above-described exception for declaratory-judgment actions.