BURKE, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm the judgment of the circuit court. However, I agree with the bulk of the majority’s reasoning and with the majority’s finding that Rule 32, Ala. R.Crim. P., does not apply to juvenile-delinquency adjudications. I also agree with the majority’s conclusion that there is no merit to W.B.S.’s claim that-Rule 60(b), Ala. R. Civ. P., provides a mechanism by which a juvenile who has been adjudicated delinquent may challenge his or her counsel’s effectiveness, and I agree with the majority’s reasoning concerning that issue.
On its face, Rule 32 applies only to “any defendant who has been convicted of a criminal offense.” See Rule 32.1, Ala, R.Crim. P. Although juvenile-delinquency proceedings are quasi-criminal in nature, see D.G. v. State, 76 So.3d 852, 855 (Ala. Crim.App.2011), a juvenile-delinquency adjudication is not a criminal conviction. See D.B. v. State, 861 So.2d 4, 17 n. 3 (Ala. Crim.App.2003). Therefore, under the plain language of the rule, a person who has been adjudicated delinquent in a juvenile-delinquency proceeding cannot institute a proceeding under Rule 32, Ala. R.Crim. P., as a means of attacking that adjudication. Furthermore, unlike the Alabama Supreme Court, this Court does not have the power to amend the procedural rules of court to provide a rule-based procedure for relief in a situation like the present one.
Nevertheless, a juvenile in a delinquency case has a right to counsel,, see § 12-15-210, Ala.Code 1975, and “[wjhere the right to counsel exists, that right is, of course, to *426 effective counsel.” Dubose v. State, 652 So.2d 340, 342 (Ala.Crim.App.1994). Because that right exists, a remedy should be available to redress a violation of that right. I do not believe that Rule 32 can be used to redress a violation of that right. However, other options exist through which W.B.S. could seek relief. In keeping with the well-established rule of “treating] ⅜ pleading and any other filing according to its substance, rather than its form or its style,” see Russo v. Alabama Dep’t of Corrections, 149 So.3d 1079, 1080-81 (Ala.2014), I would treat WJB.S.’s petition as a petition for extraordinary relief through a common-law writ,' such as a writ of error coram nobis or a writ of certiora-ri.[14] In so doing, I would reverse the circuit court’s judgment dismissing W.B.S.’s petition and remand this case to the circuit court for that court to address W.B.S.’s ' ineffective-assistance-of-counsel claim.
Furthermore, I urge the Alabama Supreme Court to amend either the Alabama Rules of Criminal Procedure or the Alabama Rules of Juvenile Procedure to provide a specific procedure for relief in a situation like the present one. The Supreme Court could amend the rules so that a person who has been adjudicated delinquent in a juvenile-delinquency proceeding can institute a proceeding under Rule 32, Ala. R.Crim. P., to attack that adjudication. I believe providing this specific and well defined procedure would be preferable to using common-law writs to bring such claims.

. I note that Rule 32 displaced all posttrial ’ remedies, including all petitions for relief through a common-law writ, if those petitions are "seeking relief from a conviction or sen- ■ tence.” Rule 32,4, Ala. R.Crim. P,; see also Hugh Maddox, Alabama Rules of Criminal Procedure § 32,4 n. 40 (recognizing that Rule 32 "is a post-conviction remedy ), However, because W.B.S. is attacking a juvenile-delinquency-adjudication and not a criminal conviction or sentence, Rule 32 has no application. Clearly, Rule 32 does not displace any remedy in an area where Rule 32 is inoperative’.