Rel: October 4, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

————————————————

## CL-2024-0463

————————————————

## Ex parte Alabama Medical Cannabis Commission

## PETITION FOR WRIT OF MANDAMUS

## (In re: Jemmstone Alabama, LLC

## v.

## Alabama Medical Cannabis Commission)

## (Montgomery Circuit Court: CV-23-901800)

<u>On Application for Rehearing</u>

PER CURIAM.

The opinion of August 23, 2024, is withdrawn, and the following is substituted therefor.

The Alabama Medical Cannabis Commission ("the AMCC") has petitioned this court to issue a writ of mandamus ordering the

Montgomery Circuit Court ("the circuit court") to dismiss case number CV-23-901800, a civil action commenced by Jemmstone Alabama, LLC, and to vacate a temporary restraining order that, it alleges, was not entered in that case. We grant the petition in part and deny the petition in part.

## Background

The AMCC is the state agency charged with administering the Wesley "Ato" Hall Compassion Act ("the Act"), Ala. Code 1975, § 20-2A-1 et seq., which regulates the Alabama medical-cannabis industry. See Redbud Remedies, LLC v. Alabama Med. Cannabis Comm'n, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024). The AMCC is composed of 14 members and employs an executive director and an assistant director. See Ala. Code 1975, § 20-2A-20. Among other duties, the AMCC is responsible for licensing integrated facilities.[1] See

---

[1]Section 20-2A-67(a), Ala. Code 1975, provides:

"An integrated facility license authorizes all of the following:

"(1) The cultivation of cannabis.

"(2) The processing of cannabis into medical cannabis, including proper packaging and labeling of medical cannabis products.

Ala. Code 1975, § 20-2A-50 et seq. The decision to grant or to deny an application for an integrated-facility license is made by a majority vote of the members of the AMCC present and voting at a meeting. See § 20-2A-20(h).

Jemmstone applied to the AMCC for one of five available integrated-facility licenses.[2] Through a series of meetings, culminating with a meeting on December 12, 2023, the AMCC, by the vote of its members, awarded the integrated-facility licenses to applicants other than Jemmstone. On December 27, 2023, Jemmstone commenced a civil action in the circuit court ("the Jemmstone action"), pursuant to Ala. Code 1975, § 41-22-10,[3] a part of the Alabama Administrative Procedure

---

"(3) The dispensing and sale of medical cannabis only to a registered qualified patient or registered caregiver.

"(4) The transport of cannabis or medical cannabis between its facilities.

"(5) The sale or transfer of medical cannabis to a dispensary."

[2]Section 20-2A-67(b) provides: "[The AMCC] may issue no more than five integrated facility licenses."

[3]Section 41-22-10 provides:

Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq., requesting a judgment declaring that the integrated-facility-licensing decisions made by the AMCC through its members were void and requesting an injunction to prevent any action to enforce those licensing decisions; that civil action was assigned case number CV-23-901800.

In the caption of the complaint filed in the Jemmstone action, Jemmstone named the AMCC as the sole defendant. In the body of the complaint, however, Jemmstone indicated that it was also suing the individual members of the AMCC in their official capacities and identified each member by name and instructed the circuit-court clerk to serve the AMCC's members. The summons provided that the AMCC's

---

"The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery County, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. In passing on such rules the court shall declare the rule invalid only if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with rulemaking procedures provided for in this chapter."

4

members could be served by certified mail addressed to the office of the AMCC's executive director. See Ala. Code 1975, § 20-2A-20(l).[4]

On December 29, 2023, the circuit court granted Jemmstone's motion to consolidate the Jemmstone action with case number CV-23-231; the circuit court had previously designated case number CV-23-231 to be the "master case" for administering the mass litigation arising out of the AMCC's integrated-facility-licensing process. On January 3, 2024, the circuit court entered a temporary restraining order in the master case ("the TRO"), stating as a preamble to the order that "[t]his [d]ocument [a]lso [r]elates to ... [the Jemmstone action]." The TRO purports to enjoin the AMCC and its members from "taking any action in furtherance of December 12, 2023[,] awards of licenses in the Integrated Facility license category, including without limitation the issuance of any licenses."

---

[4]Section 20-2A-20(l) provides:

"In any action or suit brought against the members of the commission in their official capacity in a court of competent jurisdiction, to review any decision or order issued by the commission, service of process issued against the commission may be lawfully served or accepted by the director on behalf of the commission as though the members of the commission were personally served with process."

On March 6, 2024, the AMCC and the AMCC's members filed a motion to dismiss the master case and the Jemmstone action. The AMCC and the AMCC's members argued that the master case should be dismissed as a void proceeding because the circuit court lacked subject-matter jurisdiction over a civil action commenced against only the AMCC, which, they argued, was immune from suit due to State or sovereign immunity. See Art. I, § 14, Ala. Const. 2022 ("That the State of Alabama shall never be made a defendant in any court of law or equity."). As to the Jemmstone action, the AMCC and the AMCC's members asserted that that civil action was also a void proceeding due to the doctrine of State or sovereign immunity, contending that the AMCC was the only named defendant in the Jemmstone action because Jemmstone had not included the names of the AMCC's members in the caption of the complaint as required by Rule 10(a), Ala. R. Civ. P.[5]

In the motion to dismiss, the AMCC and the AMCC's members also moved the circuit court to vacate the TRO. The AMCC and the AMCC's members primarily argued that the TRO was invalid because it was

---

[5]Rule 10(a) provides, in pertinent part, that "[i]n the complaint the title of the action shall include the names of all the parties ...."

6

entered in void proceedings, i.e., the master case and the Jemmstone action. Alternatively, the AMCC and the AMCC's members contended that, even if the Jemmstone action was not a void proceeding, the TRO had not been entered in that case pursuant to Rule 58(c), Ala. R. Civ. P.

On May 16, 2024, the circuit court denied the motion to dismiss. In its order denying the motion to dismiss, the circuit court determined that Jemmstone had properly named the members of the AMCC as co-defendants in the body of the complaint filed in the Jemmstone action, thereby invoking the subject-matter jurisdiction of the circuit court. The circuit court also concluded that the TRO had been entered in the Jemmstone action so that it was effective, thereby denying the motion to vacate that order. On June 20, 2024, the AMCC, but not the AMCC's members,[6] filed a petition for the writ of mandamus challenging the May 16, 2024, order.[7]

---

[6]The caption of the petition identifies only the AMCC as "the petitioner" and, in the body of the petition, only the AMCC argues for and requests mandamus relief. Rule 21(b), Ala. R. App. P., provides, in pertinent part, that "[a]ll parties below other than the petitioner shall also be deemed respondents for all purposes."

[7]We conclude that the petition is timely because it challenges the jurisdiction of the circuit court to maintain the Jemmstone action and to enforce the TRO in that action. See Ex parte K.R., 210 So. 3d 1106, 1112 (Ala. 2016).

Issues

The AMCC argues that the circuit court erred in denying its motion to dismiss the Jemmstone action for lack of subject-matter jurisdiction and in denying its motion to vacate the TRO.

Standard of Review

> "A petition for a writ of mandamus is the appropriate means to review the denial of an administrative agency's motion to dismiss a complaint in a circuit court for lack of subject-matter jurisdiction. See Ex parte Builders & Contractors Ass'n of Mississippi Self-Insurer's Fund, 980 So. 2d 1003, 1006 (Ala. Civ. App. 2007) (mandamus review of denial of motion to dismiss for lack of subject-matter jurisdiction)."

Ex parte Alabama Medicaid Agency, 298 So. 3d 522, 523-24 (Ala. Civ. App. 2020). A petition for the writ of mandamus may also be used to review a motion to vacate a temporary restraining order. See Ex parte Hurst, 914 So. 2d 840 (Ala. 2005).

We apply the following standard of review to the agency's petition:

> "'Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"

8

Ex parte Perfection Siding, Inc., 882 So. 2d 307, 309-10 (Ala. 2003) (quoting Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995)).

## Analysis

### The Motion to Vacate the TRO

As this court has previously determined, the AMCC, as a state agency, is immune from suit pursuant to Article I, § 14, of the Alabama Constitution of 2022, which provides that "[t]he State of Alabama shall never be made a defendant in any court of law or equity" and establishes the doctrine of State or sovereign immunity. See Redbud Remedies, LLC v. Alabama Med. Cannabis Comm'n, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024). This immunity extends to civil actions for declaratory and injunctive relief brought pursuant to Ala. Code 1975, § 41-22-10.[8] See Ex parte Alabama Med. Cannabis Comm'n, [Ms. CL-2024-0073, June 21, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024).

_____

[8]Sovereign immunity does not preclude the AMCC from being named as a respondent in an administrative appeal under Ala. Code 1975, § 41-22-20. See Verano Alabama, LLC v. Alabama Med. Cannabis Comm'n, [Ms. CL-2023-0831, Apr. 19, 2024] ___ So. 3d ___, ___ n.7 (Ala. Civ. App. 2024). Section 41-22-20(k), Ala. Code 1975, authorizes a circuit court to grant appropriate equitable relief in an administrative appeal. Nothing in our opinion should be construed as addressing the power of a circuit court to grant injunctive relief pursuant to § 41-22-20(k).

As such, the circuit court lacked the power to issue an injunction against the AMCC in the Jemmstone action, and, to the extent that the TRO purports to enjoin the AMCC, the TRO is void.[9] See Ex parte Alabama Dep't of Hum. Res., 999 So. 2d 891, 898 (Ala. 2008) (holding that order entered by Mobile Circuit Court purporting to enjoin the Department of Human Resources was void because of doctrine of sovereign immunity).[10] The AMCC has a clear legal right to an order vacating the TRO insofar as it purports to enjoin the AMCC, but that relief could not be granted in the Jemmstone action. As the AMCC argued to the circuit court, the TRO was not entered in the Jemmstone action on January 3, 2024.

Rule 58(c), Ala. R. Civ. P., governs the procedure for entry of an order or judgment and provides, in pertinent part:

> "Upon rendition of an order or a judgment as provided in subdivision (a)(1-4) of this rule [i.e., Rule 58, Ala. R. Civ. P.],

---

[9]We express no opinion as to the propriety of the injunction against the AMCC's members, who have not petitioned this court for mandamus relief.

[10]The AMCC did not argue this point to the circuit court or to this court in its petition for the writ of mandamus, but this court is bound to recognize when a trial court lacks subject-matter jurisdiction, and we are not limited to the arguments of a petitioner in deciding that point. See Ex parte Thompson Tractor Co., 227 So. 3d 1234, 1239 (Ala. Civ. App. 2017); see also Ex parte Progressive Specialty Ins. Co., 31 So. 3d 661, 663 n.2 (Ala. 2009).

the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed 'entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System. An order or a judgment rendered electronically by the judge under subdivision (a)(5) of this rule shall be deemed 'entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the date the order or judgment is electronically transmitted by the judge to the electronic-filing system."

On January 3, 2024, the circuit court input the TRO into the State Judicial Information System ("the SJIS") only in case number CV-23-231, i.e., the master case, and did not input the TRO into the SJIS for the Jemmstone action. See Kornegay v. Kornegay, 369 So. 3d 1052, 1061 (Ala. Civ. App. 2022) (holding that the entry of an order in the SJIS under one case number did not qualify as an entry of the order in a related case).

In its order denying the motion to vacate the TRO, the circuit court reasoned that it had intended for the TRO to be entered in the Jemmstone action, as indicated by its statement in the TRO that the TRO "relates" to the Jemmstone action. However, Rule 58(c) was designed to establish a singular and unambiguous method for entry of an order or judgment. See Committee Comments to Amendment to Rule 58 Effective September 19, 2006. An order or judgment may be entered in a case

11

pursuant to Rule 58(c) only by being input into the SJIS for that case. Kornegay, supra. A court does not effectively enter an order or judgment in a case by referencing the style of that case in its order or judgment or by inputting the order or judgment in the SJIS of another case. See Ex parte Peake, 357 So. 3d 1192 (Ala. Civ. App. 2021) (holding that a judgment with a caption containing the style of two different cases was effectively entered in only one of the cases because the judgment was input into the SJIS of only that one case). We, thus, conclude that the TRO was not entered in the Jemmstone action within the meaning of Rule 58(c).

The fact that the Jemmstone action was consolidated with the master case does not alter the analysis.

> "[A] trial court may specify that all filings be made in only one case, see Rule 42(a), Ala. R. Civ. P. (indicating that, once actions are consolidated, a trial court 'may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay'). However, and most pertinent to the present petition, although consolidated, 'each action retains its separate identity and thus requires the entry of a separate judgment.' League [v. McDonald, 355 So. 2d 695, 697 (Ala. 1978)] (emphasis added). Therefore, judgments or orders must be entered separately in each consolidated case in order to resolve the issues in each case."

Ex parte Glassmeyer, 204 So. 3d 906, 908-09 (Ala. Civ. App. 2016) (second emphasis added).

When the AMCC filed its motion to vacate the TRO in the Jemmstone action, the TRO had been entered in only the master case.[11] Accordingly, the AMCC could obtain relief from the TRO only by filing the appropriate motion in the master case.[12] The AMCC could not move the circuit court to vacate the TRO in the Jemmstone action in which the order had not yet been entered. Accordingly, although the circuit court erred in concluding that the TRO had been entered in the Jemmstone action, it did not err in ultimately denying the AMCC's motion to vacate the TRO, which was improperly filed in that case. We, therefore, deny the petition for the writ of mandamus insofar as it requests an order compelling the circuit court to grant its motion to vacate the TRO.

---

[11]The parties have informed this court that the circuit court subsequently entered the TRO in the Jemmstone action on June 26, 2024. The AMCC has filed an appeal and a petition for the writ of mandamus challenging the TRO and the order leading to the entry of the TRO in the Jemmstone action. In ruling on this petition, we address only the propriety of the May 16, 2024, order entered in the Jemmstone action.

[12]On July 11, 2024, the circuit court vacated the TRO entered in the master case.

<u>Motion to Dismiss for Lack of Subject-Matter Jurisdiction</u>

In its mandamus petition, the AMCC argues that the complaint filed in the Jemmstone action did not invoke the subject-matter jurisdiction of the circuit court because the AMCC was the lone defendant named in the caption of the complaint and the only defendant properly served with summons. "[W]hen a State agency is the sole defendant in a complaint, the circuit court in which the complaint is filed lacks subject-matter jurisdiction over the complaint ...." <u>Ex parte Wilcox Cnty. Bd. of Educ.</u>, 285 So. 3d 765, 783 (Ala. 2019). A circuit court that lacks jurisdiction over an action against a lone state agency that is immune from suit due to State or sovereign immunity must dismiss the action as being void ab initio. See <u>Ex parte Alabama Peace Officers' Standards & Training Comm'n</u>, 275 So. 3d 527 (Ala. 2018). However, the immunity of a state agency does not apply only when it is named as the lone defendant in a complaint. When a complaint names multiple defendants, including an immune state agency, the circuit court lacks subject-matter jurisdiction over the claims against the state agency, which must be dismissed as a party to the case. See <u>Alabama Dep't of Transp. v. Harbert</u>

14

Int'l, Inc., 990 So. 2d 831, 841 (Ala. 2008), abrogated on other grounds by Ex parte Moulton, 116 So. 3d 1119 (Ala. 2013).

In this case, the AMCC and the AMCC's members moved the circuit court to dismiss the Jemmstone action in its entirety. The circuit court denied that motion, reasoning that, despite the AMCC's members having been omitted from the caption of the complaint, they were properly included as defendants in the Jemmstone action and, thus, the circuit court had subject-matter jurisdiction over the case. The AMCC now petitions this court to enter an order compelling the circuit court to dismiss the Jemmstone action, including the claims against the AMCC's members. However, the AMCC is a distinct entity separate from its members, and, in mandamus proceedings, a petitioner cannot assert the rights of third parties. See Ex parte Izundu, 568 So. 2d 771, 772 (Ala. 1990). The AMCC may assert only its own right to a dismissal. Whether the claims against the AMCC's members should also be dismissed is not within the scope of these mandamus proceedings.

To dispose of the AMCC's mandamus petition, this court need not ascertain whether the AMCC's members were properly named in the complaint and properly served with the complaint. As explained above,

15

the AMCC has a clear legal right to be dismissed from the Jemmstone action, whether it is the lone defendant or one of multiple defendants along with the AMCC's members, because the circuit court lacks subject-matter jurisdiction over the claims for declaratory and injunctive relief that Jemmstone has leveled against the AMCC.

We acknowledge that § 41-22-10 provides that "[t]he agency shall be made a party to the action." In Prime Lithotripter Operations, Inc. v. LithoMedTech of Alabama, LLC., 855 So. 2d 1085, 1093 (Ala. Civ. App. 2001), aff'd sub nom. Ex parte State Health Planning & Development Agency, 855 So. 2d 1098 (Ala. 2002), this court construed the term "agency" to refer to the state agency that promulgated the rule challenged in the action commenced under § 41-22-10. In Ex parte Alabama State Board of Chiropractic Examiners, 11 So. 3d 221 (Ala. Civ. App. 2007), this court further held that claims for declaratory and injunctive relief under § 41-22-10 against a state agency that had promulgated an allegedly invalid rule were not barred by Article I, § 14, of the Alabama Constitution of 1901, which contains the identical language as Article I, § 14, of the Alabama Constitution of 2022. However, our supreme court has since clarified that a state agency may not be made a defendant in

16

an action for declaratory and injunctive relief. See Russo v. Alabama Dep't of Corr., 149 So. 3d 1079, 1081 (Ala. 2014). Thus, in Alabama Department of Public Health v. Noland Health Services, Inc., 267 So. 3d 873 (Ala. Civ. App. 2018), this court held that a state agency cannot be sued for declaratory and injunctive relief under § 41-22-10. In a special writing in Noland Health Services, Inc., Judge Donaldson noted that the legislature cannot waive sovereign immunity so the language in § 41-22-10 requiring a state agency to be made a party to the action was invalid. This court adopted that reasoning in Redbud Remedies, supra, when we ruled that sovereign immunity barred an action commenced under § 41-22-10 against the AMCC. Now, the law is clear that, based on Article I, § 14, of the Alabama Constitution of 2022, a state agency cannot be made a party to an action commenced under § 41-22-10.

Jemmstone argues, however, that the reasoning in Russo, Noland Health Services, Inc., and Redbud Remedies, has not been applied in a situation in which a state agency is named as a co-defendant in an action commenced under § 41-22-10. In all three of those cases, the state agency was named as the sole defendant and, in each case, it was determined that the declaratory-judgment action should have been dismissed for lack

17

of subject-matter jurisdiction because the lone defendant was immune from suit due to the doctrine of sovereign immunity. Jemmstone posits, therefore, that, despite the holdings in those cases, a state agency may be validly named as a co-defendant in an action commenced under § 41-22-10, a proposition that this court has not directly addressed. See Keith v. LeFleur, 256 So. 3d 1206 (Ala. Civ. App. 2018) (declining to consider the issue due to the lack of a legal argument).

We conclude that the plain and unambiguous language of Article I, § 14, of the Alabama Constitution of 2022, precludes a state agency from being named as a co-defendant in an action commenced under § 41-22-10. Section 14 specifically states that "[t]he State of Alabama shall never be made a defendant in any court of law or equity," which means exactly what it says, see City of Bessemer v. McClain, 957 So. 2d 1061 (Ala. 2006) (holding that plain meaning of constitutional provision cannot be ignored), and, thus, the state, including its agencies, may not be made a defendant in any capacity in a civil action. As our supreme court held in Alabama Department of Transportation v. Harbert International, Inc., in an action in which a state agency is improperly joined as a co-defendant, the state agency must be dismissed as a party to the case because of

sovereign immunity. To the extent that § 41-22-10 could be read as allowing a state agency to be named as a co-defendant, that interpretation conflicts with Article I, § 14. "When the Constitution and a statute are in conflict, the Constitution controls ...." Parker v. Amerson, 519 So. 2d 442, 446 (Ala. 1987). Thus, the AMCC is not a valid party to the underlying action.

The dismissal of the AMCC as a co-defendant does not necessarily deprive the circuit court of jurisdiction over the Jemmstone action. An action commenced under § 41-22-10 may be maintained solely against the AMCC's members. See Hancock v. Buckner, 50 So. 3d 1083, 1085 (Ala. Civ. App. 2010) (holding that the absence of a state agency did not deprive the trial court of subject-matter jurisdiction over an action commenced under § 41-22-10 that named the appropriate state official as the defendant). Thus, the validity of the underlying action does not depend on the presence of the AMCC, but, instead, turns solely on the question of whether Jemmstone properly identified and served the AMCC's members, an issue we leave undecided in this case for the reasons set forth above.

Because sovereign or State immunity precludes the AMCC from being a party to an action commenced under § 41-22-10, the circuit court should have dismissed the AMCC from the Jemmstone action, and its failure to do so warrants mandamus relief. Therefore, we grant the petition in part and order the circuit court to enter an order dismissing the AMCC as a party to the Jemmstone action.[13]

## Conclusion

We grant the AMCC's petition for the writ of mandamus in part and order the circuit court to dismiss the AMCC as a party to the Jemmstone action. We also deny the petition insofar as it seeks an order compelling the circuit court to vacate the TRO, which was not pending in the Jemmstone action when the circuit court entered the May 16, 2024, order.

APPLICATION OVERRULED; OPINION OF AUGUST 23, 2024, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

All the judges concur.

---

[13]We express no opinion on the effect of the dismissal of the AMCC as a party to the Jemmstone action on any of its other pending appeals or petitions for the writ of mandamus arising out of that case.